FLUDD v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES.

1. INSURANCE—ISSUES—EQUITY.—It is doubtful if Code 1902, 1826, providing for vacating policies, applies to a case where right of action has accrued to beneficiary after death of insured, but if it does, and the right to cancel on ground of fraudulent misrepresentations in application is set up in answer, defendant is not entitled to have this issue tried in equity.

2. APPEAL—REFERENCE.—Refusal to grant reference to take evidence in strictly equity action is not appealable.

3. INTEMPERANCE.—Occasional use of intoxicants, nor an exceptional case of excess, does not make a man intemperate.

4. EXCEPTIONS.—This Court declines to consider exceptions containing only extracts from a charge, unless they contain a single proposition, a mere reading of which would definitely indicate the point upon which the opinion of the Court is sought.

5. INSURANCE—ESTOPPEL.—If an agent of an insurance company at inception of contract has knowledge of facts which render policy void at its option, and the company delivers the policy as valid, it is estopped to assert such ground of forfeiture.

Before ALDRICH, J., December, 1903, and HYDRICK, J., October, 1905, Orangeburg. Affirmed.

Action by Minnie M. Fludd against Equitable Life Assurance Society of the United States. From judgment for plaintiff, defendant appeals.

*Mr. J. K. P. Bryan,* for appellant, cites: *What is intemperance?* 105 U. S., 350; 20 Fed. R., 482; 123 U. S., 743; 122 U. S., 501. *Question as to which there is no evidence should not be submitted to jury:* 29 S. C., 152; 52 S. C., 232.

*Messrs. Glaze & Herbert* and *Raysor & Summers,* contra, cite: *Issues raised by answer as to forfeiture were properly tried in the legal action:* 24 Ency., 2 ed., 226; 86 N. Y., 433; 45 N. Y. Sup. Ct., 525; 17 Ency. P. & P., 993; 18 Ibid., 1004, 1005; 38 S. C., 201; 66 S. C., 77. *Occasional use of*

*intoxicants does not make a man intemperate:* 61 S. C., 344; 3 Joyce on Ins., sec. 2096; 105 U. S., 350; 122 U. S., 501. *Forfeitures are not favored and may be waived:* 96 U. S., 242; 52 S. C., 224; 43 S. C., 195; 36 S. C., 213. *Knowledge of agent is knowledge of company:* 57 S. C., 358; 70 S. C., 295; 71 S. C., 356; 48 S. C., 195; 67 S. C., 400; 1 L. R. A., 563; 91 U. S., 310; 10 N. Y., 185. *Soliciting agent is agent of insurer:* 13 Wall., 222; 36 N. Y., 550; 70 Ia., 600; 76 F. R.., 705. *Issuing policy with knowledge of breach of condition is waiver of right to avoid:* 120 U. S., 183; 36 N. Y., 550; 13 Wall., 222. *Medical examiner is agent of insurer:* 80 N. Y., 281; 92 N. Y., 274.

October 25, 1906. The opinion of the Court was delivered by

Mr. Justice Jones. The plaintiff, as a beneficiary of a policy of insurance issued by defendant company, December 12, 1901, for $2,000, on the life of her husband, John A. Fludd, who died April 11, 1902, brought this action on April 10, 1903, and recovered judgment for the amount of the policy and interest, from which defendant appeals.

Appellant's first exception alleges error in the refusal of Judge Aldrich to grant an order referring the equitable defense contained in paragraphs six, seven, eight and nine of the answer to the master to take testimony thereon and report to the Court, and the second exception assigns error in refusing to allow the defendant to deposit with the clerk of the Court the sum of $108.55 as a continuing tender in this cause subject to the final decree of the Court of said equitable issues. The paragraphs of the answer referred to are as follows:

"5. Further answering and for a further defense, this defendant alleges that in the written application for the said policy, as set forth in the said complaint, in reply to the question, 'Has applicant ever been intemperate,' the said J. A. Fludd answered 'No,' and warranted the said answer to be

true, and that such material fact so thereby agreed to be the basis of the said insurance was untrue.

"6. The defendant, further answering the said complaint, for a further defense, alleges that the said J. A. Fludd induced the said defendants as insurers to make and subscribe the policy attached to the complaint and become insurers as alleged, by falsely and fraudulently representing to them that he had not been intemperate; whereas, he had theretofore been repeatedly intemperate.

"7. The defendant, further answering the said complaint and for a further defense, alleges that the said J. A. Fludd induced the said defendant, as insurers, to make and subscribe the policy attached to the complaint and become insurers as alleged, by falsely and fraudulently representing to them, in a fact material to the risk, that his practice as regards the use of spirits, wines, malt liquors, or other alcoholic liquors, was 'very moderate;' whereas, his practice in regard to such use was very immoderate, and causing said J. A. Fludd to be turbulent and violent in life, spirit and manner, and that the said J. A. Fludd was shot, wounded and killed in a turbulent, violent resistance to the officers of the law, caused in part by the immoderate use of intoxicating liquors.

"8. Further answering the said complaint, this defendant further alleges that the said J. A. Fludd induced this defendant to subscribe the said policy of insurance by falsely and fraudulently concealing from this defendant material facts concerning his manner of life and extra hazardous risk of the same for insurance. In that, in reply to the question, 'Do you know of any circumstances connected with your manner of life which would render your life extra hazardous for insurance?' said J. A. Fludd answered 'No,' and concealed thereby from this defendant that he had been living a violent, intemperate, turbulent life, and had frequently committed assault and battery, and also assault and battery with intent to kill, and had been convicted therefor, said facts

being material to the risks; the said J. A. Fludd being killed in a violent, turbulent resistance to the officers of the law.

"9. This defendant, further answering the complaint herein, alleges that upon ascertaining the facts set forth in the several defenses aforesaid, and by reason thereof, this defendant elected to rescind said contract of insurance, and on the 26th day of July, 1903, duly tendered to said Minnie M. Fludd the sum of one hundred and three and 90-100 dollars, together with four and 75-100 dollars legal interest thereon from the second day of December, 1901, being the total amount of the said sum and interest received by this defendant on account of said policy.

"Wherefore, defendant prays judgment:

"1. That the said complaint be dismissed with costs.

"2. That the said policy be delivered up by plaintiff and decreed to be cancelled by the Court."

Sec. 1826, Civil Code, provides: "Life insurance companies are hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application for said policy: *Provided,* The same be commenced within two years from the date of said policy." It is true, the insurance company has set up the matter of cancellation within two years from the date of the policy, but it is by answer to an action on the policy after the death of the insured. If the statute has any application when the right of action on the policy has accrued, a matter of very great doubt, it was certainly not intended to interfere with the usual procedure governing after action is begun against the company on the policy. The action being for the recovery of money only, it is a strictly legal action, and plaintiff is entitled to a trial by jury unless waived in the manner provided by law, or a reference by consent, or by compulsion in the discretion of the Court upon grounds stated in sec. 393 of the Code of Procedure.

The fact that fraud is alleged in procuring the instrument sued on does not make an issue cognizable only in equity, as such issue may be tried in the legal action. *Price* v. *R. R.*

*Co.*, 38 S. C., 201, 17 S. E., 732; *Griffin* v. *R. R. Co.*, 66 S. C., 77, 44 S. E., 562. All the rights which the insurance company could maintain in an action for cancellation on the ground of false representation are available as a defense alleging forfeiture in a suit on the instrument. It was, therefore, perfectly proper to deny the equitable relief sought, inasmuch as defendant had a complete and adequate remedy at law. *Alexander* v. *Muirhead*, 2 DeSaus., 162; *Phoenix Mutual Life Ins. Co.* v. *Bailey*, 13 Wall., 616; 24 Ency. Law, 632; 6 Cyc., 291. Furthermore, it has been repeatedly decided that a refusal to grant a reference to take testimony in a strictly equitable action is within the discretion of the Court and not appealable. *Association* v. *Berry*, 53 S. C., 131, 31 S. E., 53; *Gregory* v. *Perry*, 66 S. C., 458, 45 S. E., 4. These exceptions must, therefore, be overruled.

Appellant's third and fourth exceptions assign error in charging the jury, "that occasional use of intoxicating liquors does not render a man intemperate, nor will an exceptional case of excess justify this application to him; as to the habits of John A. Fludd, the insured, the occasional use of intoxicating liquors does not render the insured a man of intemperate habits, nor would an occasional case of excess so render him." The exception merely quotes the language of the Court and states that it was error, without specifying wherein it was erroneous. As a general proposition, the charge was correct and in accordance with the rule stated in *Drakeford* v. *Knights of Damon*, 61 S. C., 344, and it is not claimed in the exceptions that the charge was inapplicable to this case.

Exceptions five to twelve, inclusive, quote extracts from the charge and assign general error without any specifications whatever. This Court as a rule declines to consider such exceptions, unless the quoted charge contains a single proposition, a mere reading of which would definitely indicate the point upon which the opinion of the Court is sought. *Norris* v. *Clinkscales*, 59 S. C., 245,

37 S. E., 821. The character of these exceptions will be sufficiently shown by the following:

Fifth exception: "The presiding Judge erred in charging the plaintiff's fifth request: 'The jury is instructed that an insurance company will not be permitted to defeat a recovery upon a policy issued by it by proving the existence of facts which by the terms of the policy would render it void, where at the time of the issuance of the policy the company, or its agents, had knowledge of such facts or information which, if pursued, would have led to actual knowledge.' "

Sixth exception: "The presiding Judge erred in charging the jury as follows, in commenting upon the plaintiff's fifth request: 'That means this, Mr. Foreman and gentlemen: If you find that the agent of the company knew the habits and character of the insured, and knew that the alleged false warranties and representations were false when made, and nevertheless took his application, as alleged, then the company would not be able to put up a successful defense, and I so charge you.' "

It is manifest that such exceptions do not call upon the Court to review the whole record to see whether there was testimony in the case to render such charge applicable. We see no error of law in the general proposition contained in quoted charge. The knowledge of an agent acquired within the scope of his agency is imputable to his principal, and if an insurance company, at the inception of the contract of insurance. has knowledge of facts which render the policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such ground of forfeiture. *Gandy* v. *Insurance Co.,* 52 S. C., 228, 29 S. E., 655.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.