9422-9469

LAWTON-GILLESPIE CO. v. AMERICAN CENT. INS. CO.

(89 S. E. 385.)

TRIAL—LEGAL AND EQUITABLE ISSUES—CALENDAR.—In an action upon fire insurance policy, defendant answering that policy was canceled by mutual agreement, but thereafter plaintiff procured its possession by fraud, plaintiff replying that defendant's possession of the policy was by mistake, and denying cancellation agreement, defendant was not entitled to have the case put on calendar for trial by the Court, since the issues were purely legal.

Before MOORE, J., Lexington, February, 1916. Affirmed.

Action by the Lawton-Gillespie Company against the American Central Insurance Company. From an order

refusing to transfer cause to calendar two, for trial by the Court, defendant appeals.

*Mr. Frank G. Tompkins,* for appellant, cites: 44 S. C. 116; 76 S. C. 313; 52 S.C. 461; 83 S. C. 49; 33 S. C. 389; 22 S. C. 320; 84 S. C. 426; 92 S. C. 305; 102 S. C. 311.

*Mr. C. M. Efird,* for respondent, cites: 75 S. C. 315; 38 S. C. 201; 66 S. C. 77.

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on policy of fire insurance. The defendant admitted in the answer that it had issued the policy, but claimed that previous to the fire the plaintiff surrendered the policy and by agreement between the authorized agents of the paintiff and defendant the policy was surrendered and canceled; that after the fire the agents of the plaintiff called on the agents of the defendant and asked to be allowed to inspect the policy; that when the agent of the plaintiff got possession of the policy, they erased the cancellation and kept possession of the policy. The defendant alleged fraud in regard to the transaction. The plaintiff replied that the policy had been left in the office of the agents of the defendant by mistake, and denied the agreement to cancel. The plaintiff put the case on calendar one for trial. The defendant moved to transfer the case to calendar two for trial by the Court. This motion was refused, and from the order refusing the motion, this appeal is taken.

The case of *Fludd* v. *Equitable Life Assurance Society of United States,* 75 S. C. 315, 55 S. E. 762, was a suit on an insurance policy. By its answer the defendant set up fraud in procuring the' policy, and asked for cancellation. This Court said it could be tried before a jury on calendar

No. 1.   In the case at bar the plea is that the policy has already been canceled by the act of the parties.   His Honor did not err.   The issues are purely legal.   This case presents no demand for cancellation or reformation.   The Fludd case, *supra,* is conclusive of this.

The judgment is affirmed.

A petition for a rehearing being filed July 17, 1916, the following order was made

PER CURIAM.   This petition cannot be granted.   The defendant pleaded that the policy had been canceled by the act of the parties.   The Court was asked to declare that the policy had already been canceled by the act of the parties.   If it was not canceled by the act of the parties, then there was no fraud in setting it up as the pleadings now stand.   There are no facts alleged from which fraud can be inferred in the original issuance of the policy.   The fraud, if any, arises from the plaintiff's attempt to reinstate a policy already canceled by the act of the parties.   If the defendant desires to amend its answer, the method is provided by law.

The order heretofore made, staying the remittitur, is revoked.