10950

SOUTHEASTERN LIFE INSURANCE CO. v. PALMER

(113 S. E. 310)

1. SET-OFF AND COUNTERCLAIM—COUNTERCLAIM FOR AMOUNT DUE ON INSURANCE POLICY MAY BE INTERPOSED IN SUIT BY INSURER TO CANCEL POLICY; "TRANSACTION."—Under Code Civ. Proc. 1912, § 200, providing that a counterclaim must be one in favor of a defendant and against a plaintiff between whom a civil judgment might be had in a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim or connected with the subject of the action, in a suit by an insurer against an administrator to cancel an insurance policy on the ground that the insured made false and fraudulent statements in the application for it, defendant may counterclaim for the amount due on the policy; "transaction," as used in the statute, meaning all of the negotiations leading up to the contract in the case, and including facts giving rise to plaintiff's action for the amount due on the policy.

2. EQUITY—EQUITY MAY DECLARE A CONTRACT VOID FOR FRAUD, BUT
   HAS NO JURISDICTION IN A CASE OF TORT EXCEPT BY INJUNCTION.—
   While a Court of Equity can declare a contract void for fraud, it
   has no jurisdiction in case of tort except by injunction.

3. JURY—INSURER HELD TO HAVE AN ADEQUATE REMEDY AT LAW IN
   DEFENDING ACTION ON POLICY; HENCE CASE TRIABLE BY JURY, NOT
   BY REFERENCE IN EQUITY.—In suit by an insurer to cancel a policy
   for fraud by insured in securing the policy, in which defendant
   counterclaimed for the money due under the policy, insurer has a
   complete and adequate remedy at law in defending the counter-
   claim, so that defendant is entiled to a jury trial.

Before SHIPP, J., Florence, August, 1920. Affirmed.

Suit by the Southeastern Life Insurance Company against
Mary Keith Palmer, individually and as administratrix of
George D. Palmer, deceased. From an order refusing to
strike out defendant's counterclaim and refusing to grant
an order of reference, plaintiff appeals. Affirmed.

*Messrs. Haynesworth & Haynesworth* and *Arrowsmith,
Muldrow, Bridges & Hicks,* for appellant, cite: *Proper mat-
ter for counterclaim*: 15 S. C. 458; 30 S. C. 167; 90 S. C.
126; 45 S. C. 120; 93 S. C. 99; 69 S. C. 228; 18 S. C. 108;
57 S. C. 493; Pom. Code Rem. (4th Ed.) Sec. 667; 25 S.
C. 512; 108 S. C. 66; 69 S. C. 434. *Counterclaim of de-
fendant does not entitle her to trial by jury*: 23 S. C. 372;
27 S. C. 235; 34 S. C. 173; 23 S. C. 146; 43 S. C. 192; 88
S. C. 183; 89 S. C. 438; 92 S. C. 389; 111 S. C. 345; 110
S. C. 363; 65 S. C. 455; 109 S. C. 358; 47 S. C. 187.

*Messrs. Willcox & Willcox, Henry E. Davis* and *Jas.
M. Lynch,* for respondent, cite: *Counterclaim*: Pom. Code
Rems., Sec. 644, et seq; Id., Sec. 651; 25 L. R. A. 856; 25
S. C. 506; 80 S. C. 455; 70 S. C. 89; 15 S. C. 296; 24
R. C. L. 845; 11 L. R. A. 257; 27 Ind. 4, 11 S. C. 337.
*Defendant entitled to jury trial on counterclaim*: 17 S. C.
539; 18 S. C. 232; 19 S. C. 286; 22 S. C. 320; 61 S. C.
1; 36 S. C. 560; 43 S. C. 189; 6 Pom. Eq. Jur. 1151, Sec.
685; 75 S. C. 315; 13 Wall 616; 2 .DeS. Eq. 162.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action is brought by Southeastern Life Insurance Company against Mary Keith Palmer, individually and as administratrix of the estate of George D. Palmer, deceased. The plaintiff seeks cancellation of two policies of insurance issued by it upon the life of George D. Palmer, upon the ground that in his application therefor the deceased made certain false and fraudulent representations as to his health, as a result of which plaintiff was misled into issuing the policies. The defendant answered; denying the fraud, and further, answering, interposed counterclaims for the amounts due on the policies.

Plaintiff moved before his Honor, Judge S. W. G. Shipp, for an order striking out the counterclaim set up in the answer and for a further order referring the case to the Judge of Probate, acting Master of Florence County, to take and report the testimony, together with his findings of fact and law thereupon. This motion came on to be heard before Judge Shipp, and he passed an order in which he refused to strike out the defendant's counterclaim, and further refused to grant an order of reference; it appearing that defendant was entitled, as a matter of right, to a trial by jury. From this order of Judge Shipp the plaintiff has appealed upon five exceptions.

The exceptions raise two questions: First. Could the defendant's counterclaim for amount due on the policies be interposed in an action for the cancellation of the policies? Second. Was the defendant entitled, as a matter of right to a trial by jury?

Section 200 of the Code of Civil Procedure, relating to counterclaims, is:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant, and against a plain-

tiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1.  A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2.  In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.  The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both.  They must each be separately stated, and refer to the causes of action which they are intended to answer, in such manner that they may be intelligibly distinguished."

The counterclaim in this action conforms to the requirements of the first subdivision of the section, in that, as contained in the answer, it is a perfect and complete cause of action in favor of the defendant against the plaintiff, and is one on which a several judgment might be had.  It remains, therefore, to determine whether or not this cause of action falls within either of the two classes of cases in which, under the section, counterclaims may be interposed.

After a careful analysis of the meaning of the section and of the facts in this case, it appears to us that the counterclaim which was interposed in the answer of the defendant falls under the class of actions in which counterclaims are allowable, in that it arises out of the transaction set forth in the complaint as the foundation of plaintiff's claim, and in that it is also connected with the subject of the action.

The word "transaction" in the sense as used in the section means all of the negotiations leading up to the contract in the case.  The business between Palmer and appellant

consisted in the making of application by Palmer to the insurance company for the issuance of a policy, and in answering the inquiries propounded in the application, and the acceptance of the application and issuance of a policy thereupon, and the payment by Palmer of the required premium to the company. The acts of Palmer, the answers of Palmer in the application the appellant alleges are untrue, all parts and parcels thereof, were of one transaction, which commenced when Palmer made application for insurance and ended when the policy was issued, premiums paid, and policy delivered. This is the transaction which gives rise to the plaintiff's action. These same facts and same transactions gave to the defendant the counterclaim interposed.

This is a case that comes under the section when it says that the counterclaim must arise out of the same transaction which forms the foundation for the plaintiff's claim. It follows, therefore, that the defendant was entitled to interpose the counterclaim, on the ground that it arose out of the same transaction which forms the foundation of the plaintiff's claim.

The plaintiff's action is formed on a contract, not a tort. A Court of Equity can declare a contract void for fraud; the Court of Equity has no jurisdiction in a case of tort except by injunction.

As to the second group of exceptions: The defendant had the right to interpose the answer she did.

It sets up a purely legal demand for the recovery of money only. The appellant in this case has a complete and adequate remedy at law in defending the counterclaim contained in defendant's answer. The remedy of cancellation can be determined in this suit. This Court has recently announced "that Courts are practical, not technical," and we see no reason why every issue made in the case at bar cannot be determined in one trial on the law side of the Court.

This Court is adverse to a trial by "circuitous routes and byways" when one plain, straight trial will arrive at the result that the parties are entitled to, and prevent a multiplicity of suits or more than one trial.

His Honor was not in error. All exceptions are overruled, and judgment affirmed.

MR. JUSTICE FRASER concurs.

MR. JUSTICE COTHRAN (concurring): I concur in the opinion of Mr. Justice Watts as far as it goes, but think that it should be distinctly adjudicated that the complaint does not state a cause of action for cancellation of the policy of insurance cognizable by a Court of Equity. The policy had become a claim by the death of the insured prior to the commencement of this action, subject to such defenses as may have been interposed by the company. If it had been avoided by the fraudulent misrepresentations alleged in the complaint, there is no reason why they could not have been interposed in an action at law as a complete defense to an action by the beneficiary. There are no circumstances stated in the complaint tending even to show that this plain and adequate remedy could not have been availed of in such action at law. Some such showing is essential to the jurisdiction of the Court of Equity. That they could have been interposed by the company to an action at law is conclusively established by the case of *Fludd v. Assur. Co.,* 75 S. C. 315, 55 S. E. 762, where it is declared:

"All the rights which the insurance company could maintain in an action for cancellation on the ground of false representation are available as a defense alleging forfeiture in a suit on the instrument. It was, therefore, perfectly proper to deny the equitable relief sought, inasmuch as defendant had a complete and adequate remedy at law."

In *Phoenix Mut. Ins. Co. v. Bailey,* 13 Wall. 616, 20 L. Ed. 501, it is held in substance that equitable relief cannot be had when the remedy at law is plain, adequate,

and complete. That was just such a case as this, where the insurance company after the loss brought a suit in equity to cancel the policy upon the ground of false representations. The Court held that the company had a plain and adequate remedy at law and dismissed the bill, conceding that the company had made out a strong case against the policy, saying:

"Where a party, if this theory of the controversy is correct, has a good defense at law, to 'a purely legal demand,' he should be left to that means of defense, as he has no occasion to resort to a Court of Equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventative remedy."

In 6 Pom. Eq. Jur. § 685, it is said:

"The jurisdiction of equity to grant the remedy of cancellation exists and will always be exercised when it is necessary to protect or maintain equitable primary estates, interests, or rights. Where, however, the estate, interest, or right is legal, the jurisdiction always exists, but its exercise depends upon the adequacy of the legal remedies, a party being left to his affirmative or defensive remedy at law, where full and complete justice can thereby be done."

To the same effect see *Niagara Ins. Co. v. Adams,* 198 Fed. 827, 117 C. C. A. 464; *Bankers' Reserve Life Co. v. Omberson,* 123 Minn. 285, 143 N. W. 735, 48 L. R. A. (N. S.) 265; *Griesa v. Mutual Co.,* 169 Fed. 513, 94 C. C. A. 635; *Cable v. Insurance Co.,* 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188.

In *The Sailors v. Wolfe,* 118 Tenn. 755, 102 S. W. 1109, 12 L. R. A. (N. S.) 881, it is held:

"Equity will not, under its power to cancel instruments on the ground of fraud, enjoin proceedings at law on a mutual benefit certificate which the insurer claims to have

been secured through fraud in the application, since the defense of fraud is fully available as a defense at law."

In a note to this case it is said:

"The overwhelming weight of authority sustains the rule laid down in the above case that a Court of Equity will not, after the loss insured against has occurred, cancel a policy of insurance and enjoin proceedings at law thereon, merely because the policy was procured through the fraud of the insured, since such a defense is fully available at law."

In *Bankers' Co. v. Omberson,* 123 Minn. 285, 143 N. W. 735, 48 L. R. A. (N. S.) 265, it is held:

"An action brought after a loss under an insurance policy to cancel the policy for fraud, or to restrain an action at law thereon, cannot be maintained, in the absence of some special circumstance of a nature to cause irreparable loss to plaintiff if he is relegated to his remedy at law by way of defense to an action on the policy. Where the remedy at law is adequate, equity will not grant relief."

The judgment of this Court should be that the judgment below be affirmed; that the alleged cause of action set up in the complaint be dismissed; and that the case be remanded to the Circuit Court for trial by a jury upon the alleged cause of action set up in the defendant's counterclaim, with leave to the plaintiff to reply thereto within 10 days after filing of remittitur.

Mr. Chief Justice Gary concurs.