13532

PRUDENTIAL INSURANCE CO. of AMERICA v. WILBURN
SAME v. STEWART *ET AL.*

(166 S. E., 786)

*Messrs. Osborne & Butler,* for appellant,

*Messrs. Barron, Barron & Walker,* for respondent, 

December 5, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

These two cases, instituted in the Court of Common Pleas for Greenville County, were brought for the purpose of securing a rescission and cancellation of two policies of life insurance, issued by the plaintiff, insurance company, on the life of Preston B. Stewart; the insured being dead at the time of the commencement of the suits. The defendants are children of the deceased, and were named beneficiaries in the policies. The plaintiff sought cancellation on the ground that the insured had obtained the issuance of the policies by fraudulent representations.

At the instance of the plaintiff, his Honor, Circuit Judge G. D. Oxner, restrained temporarily the defendants from prosecuting any action against the plaintiff on account of the policies, from taking any steps or pursuing any remedy for collection thereof, and from disposing of or transferring the policies in any manner, pending a determination of this action, and the defendants were required to show cause

why the temporary restraining order should not be made permanent.

Upon return of the defendants being filed, the cause came on for hearing before his Honor, Circuit Judge M. M. Mann, who refused the permanent injunction sought for and vacated the temporary restraining order. Thereupon the defendants in this action sued the plaintiff on the involved policies for the amount of the insurance provided for therein.

In the order of Judge Mann, the reason he gave for the conclusion he reached was stated in the following language: "It further plainly appears from a consideration of the verified complaint and return of the defendant that the plaintiff can avail itself, in its answer, to any suit commenced on account of the said policy of insurance, of all the positions and matters alleged by way of fraud and misrepresentations; and it appears that the plaintiff would have in any suit on the said policy a plain and adequate remedy at law."

From the adverse order, the plaintiff has appealed to this Court.

It is unnecessary to consider the several exceptions of the appellant. It is clear that the order of Judge Mann should be affirmed under the authority of two decisions of this Court, namely, *Fludd v. Equitable Life Assurance Society, etc.,* 75 S. C., 315, 55 S. E., 762, and *Southeastern Life Insurance Company v. Palmer,* 120 S. C., 490, 113 S. E., 310. See especially the concurring opinion of Mr. Justice Cothran in the last case, concurred in by Mr. Chief Justice Gary.

The judgment of this Court is that the order appealed from be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.