## 13649

### NEW YORK LIFE INSURANCE CO. v. GREER

(169 S. E., 837)

*Messrs. Thomas, Lumpkin & Cain,* for appellant,

*Messrs. Mauldin & Love* and *Ben C. Thornton,* for respondent,

June 12, 1933.

The opinion of the Court was delivered by Mr. Justice Stabler.

The following material facts appear in the record for appeal: On April 13, 1927, the plaintiff insured the life of the defendant, Addie E. Greer, in the sum of $2,500.00. The contract contained total and permanent benefit provisions, and stipulated that, should disability result from insanity, such benefits would be paid to the beneficiary, Mrs. Florrie V. Greer, instead of to the insured. The policy lapsed for nonpayment of the premium due October 9, 1929, and thereafter, on November 18, the insured applied for its reinstatement. In her application she made certain representations as to her health, etc., as indicated by the following questions and answers:

"Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this Policy was issued? Yes.

"Within the past two years have you and any illnesses, diseases or bodily injuries or have you consulted or been treated by any physician or physicians? No."

On November 20, 1929, the policy was reinstated; on March 14, 1931, the insured was adjudged insane; in April, 1931, a claim for disability was filed with the company, which gave no notice to the insured or to the beneficiary as to whether such claim was allowed or rejected, but on September 1, 1931, brought this suit for the purpose of effecting the judicial rescission of the reinstatement of the policy, on the ground that the representations made in its procurement were false and fraudulent. It was alleged that the defendant, Addie E. Greer, was a person *non compos mentis,* and upon application the Court appointed a guardian *ad litem* to represent her. The insured and the beneficiary both filed answers denying all allegations of fraud, and, in addition, the defendant, Florrie V. Greer, sought by way of counterclaim to recover benefits in the sum of $200.00 and interest, claimed to be due under the policy by reason of the alleged total and permanent disability of the insured. As a defense to the counterclaim the plaintiff set up the allegations of fraud contained in its complaint.

By direction of the defendants, the case was placed on Calendar 1; the plaintiff thereafter, on the ground that the suit was one in equity, made a motion to transfer it to Calendar 2, which was refused. When it was called for trial, plaintiff moved to have the equitable issues heard and determined in advance of the legal issues. This motion was overruled, and the action was tried as one at law on the counterclaim. At the conclusion of the testimony, plaintiff made a motion for a directed verdict in its favor and also a motion for a decree in conformity with its prayer for relief. These motions were likewise refused, and the case was submitted to the jury, who found for the defendant, Florrie V. Greer, the amount of disability indemnity prayed for. Plaintiff thereafter renewed its motion for a decree in its favor notwith-

standing the verdict and also made a motion for a new trial, generally, but the presiding Judge refused to disturb his former rulings or to interfere with the verdict of the jury.

The company now appeals to this Court, and by several exceptions imputes error to the trial Judge in refusing to transfer the case from Calendar 1 to Calendar 2; in refusing to determine the equitable issues raised by the pleadings; in refusing to enter a decree in conformity with the relief prayed for; in refusing to direct a verdict for plaintiff; in permitting equitable issues to be determined solely by the verdict of the jury; in overruling plaintiff's motion for a decree notwithstanding the verdict, and in refusing to grant a new trial.

Counsel for appellant obtained permission of the Court to review the following cases, with a view of having them overruled or modified: *Fludd v. Life Assurance Society,* 75 S. C., 315, 55 S. E., 762, 763; *Southeastern Life Insurance Company v. Palmer,* 120 S. C., 490, 113 S. E., 310, 311; *Prudential Insurance Company v. Wilburn,* 168 S. C., 30, 166 S. E., 786, 787. In these cases it was held that the insurer had no right to have the question of fraud in the procurement of the policy adjudicated as an equitable issue, for the reason that the company had an adequate remedy at law. A consideration of appellant's contentions in this respect will dispose of most of the questions raised by the exceptions. If its views are accepted by the Court, then its position that the trial Judge committed error must be sustained; if, however, such views are rejected, it follows that the Court below was right in his holdings as to procedure.

In the *Fludd case,* the beneficiary, on the death of the insured, brought an action on the policy. The company, by its answer, affirmatively alleged that the policy was procured by fraud, and moved for an order referring its equitable defense to the master to take testimony thereon. This motion was refused, the Court holding that the action was a strictly

legal one, and that the plaintiff was entitled to trial by jury. On appeal this Court, in affirming the holding of the Court below, said : "The fact that fraud is alleged in procuring the instrument sued on does not make an issue cognizable only in equity, as such issue may be tried in the legal action. *Price v. R. R. Co.,* 38 S. C., 199, 201, 17 S. E., 732; *Griffin v. R. R. Co.,* 66 S. C., 77, 44 S. E., 562. All the rights which the insurance company could maintain in an action for cancellation on the ground of false representation are available as a defense alleging forfeiture in a suit on the instrument. It was, therefore, perfectly proper to deny the equitable relief sought, inasmuch as defendant had a complete and adequate remedy at law"—citing cases.

In the *Palmer case,* upon the death of the insured, the company did not wait to be sued by the beneficiary, but brought its action, a bill in equity, asking that two policies issued upon the life of Palmer be rescinded because of alleged fraudulent representations in their obtention. The beneficiary denied all allegations of fraud, and set up by way of counterclaim the amount alleged to be due on the policies. The company moved to strike out the counterclaim and to refer the allegations of fraud as an equitable issue, which the trial Judge refused. This Court, in affirming the judgment below, held that, as the counterclaim arose out of the same transaction which formed the foundation for plaintiff's claim, defendant was entitled to interpose it, and said : "The defendant had the right to interpose the answer she did. It sets up a purely legal demand for the recovery of money only. The appellant in this case has a complete and adequate remedy at law in defending the counterclaim contained in defendant's answer. The remedy of cancellation can be determined in this suit. This Court has recently announced 'that Courts are practical, not technical,' and we see no reason why every issue made in the case at bar cannot be determined in one trial on the law side of the Court."

Mr. Justice Cothran, in an opinion concurred in by Chief Justice Gary, gave the following as an additional reason for affirming the lower Court: "I concur in the opinion of Mr. Justice Watts as far as it goes, but think that it should be distinctly adjudicated that the complaint does not state a cause of action for cancellation of the policy of insurance cognizable by a Court of equity. The policy had become a claim by the death of the insured prior to the commencement of this action, subject to such defenses as may have been interposed by the company. If it had been avoided by the fraudulent misrepresentations alleged in the complaint, there is no reason why they could not have been interposed in an action at law as a complete defense to an action by the beneficiary. There are no circumstances stated in the complaint tending even to show that this plain and adequate remedy could not have been availed of in such action at law. Some such showing is essential to the jurisdiction of the Court of equity. That they could have been interposed by the company to an action at law is conclusively established by the case of *Fludd v. Assur. Co.*, 75 S. C., 315, 55 S. E., 762."

In the *Wilburn case* the insurance company went one step further. After the death of the insured, it brought an action, not only to cancel the policy issued on his life, on the ground that it had been obtained by fraudulent representations, but also to enjoin the beneficiary from bringing any action or pursuing any remedy for the sum claimed to be due on the policy, or from transferring it pending the determination of the suit for rescission. The matter was heard by Judge Mann, who refused the permanent injunction and vacated the temporary restraining order theretofore granted. On appeal, this Court said: "It is unnecessary to consider the several exceptions of the appellant. It is clear that the order of Judge Mann should be affirmed under the authority of two decisions of this Court, namely, *Fludd v. Equitable Life Assurance Society, etc.*, 75 S. C., 315, 55 S. E., 762, and *Southeastern Life Insurance Co. v. Palmer*, 120 S. C., 490,

113 S. E., 310. See especially the concurring opinion of Mr. Justice Cothran in the last case, concurred in by Mr. Chief Justice Gary."

Appellant argues that the decisions in these cases are opposed to the weight of authority and were rendered under a misapprehension of the underlying principles of law; and urges that this Court overrule or modify them in accordance with the views announced in its argument. In support of this contention, numerous authorities from other jurisdictions have been cited. The very excellent briefs filed by counsel for both sides have been of great help to the Court. We see no reason, however, after very careful consideration and thought, for overruling or modifying the decisions in these several cases. On the contrary, we reaffirm the holdings of the Court therein.

But it is urged that, in any event, the case at bar may be distinguished from the cases sought to be reviewed, for the reason that the insurer is without an adequate remedy at law (1) by virtue of the two-year incontestability provision of the policy, and (2) because the policy provides for periodic payments, all of which have not accrued.

A statute making insurance policies incontestable after two years was enacted in this State in 1878 and appears as Sections 7986, 7987 of the Code of 1932. It was in force when the contested decisions were made, and therefore was a part of the policies involved as effectually as if it had been written therein. It follows that there is no ground for differentiation between those cases and the case at bar on account of the incontestability provision of the policy here involved.

Nor is there any merit in the second ground. It is clear that, although a policy may provide for periodic payments, recovery for such payments will be conditioned upon its validity. In the case at bar the company, in order to avoid liability, sought to establish the invalidity of the contract on account of the fraud alleged to have been

practiced by the insured in its reinstatement. If this attempt had been successful, resulting in a denial by the jury of defendant's claim, the policy would have been completely invalidated and no claim of any kind could have been thereafter maintained upon it. On the other hand, in view of the issue made, the outcome of the present action conclusively established the validity of the policy.

Plaintiff's motion for a directed verdict was made upon the ground, succinctly stated, that the defendant, Addie E. Greer, knowingly made false answers and statements in her application, and fraudulently concealed material facts from the company in order to induce it to reinstate the policy.

While we have carefully examined the testimony, we deem it unnecessary to review it at length. It appears that the rules of Lander College required every student to be either in the classroom or in the infirmary; that a student indisposed, however slight the indisposition, was not allowed to remain in her room, and that students afflicted with headache, nervousness from overwork, etc., were all required to go to the infirmary for examination and treatment.

Dr. Harper, a witness for the plaintiff, testified that in November, 1928, he was physician at the college, and Addie E. Greer was a student there; that on November 19 he had occasion to visit and examine Miss Greer at the infirmary, but made no diagnosis of her trouble; that he "could not find anything wrong, especially physically"; that she appeared to be nervous and told him she could not concentrate, but that this was not an unusual condition for a student; that he did not attempt to advise her or tell her what he thought of her condition, and did not inform her parents of his examination; that if he had reached the conclusion that there was some mental trouble or nervous disorder he would not have told the patient, as that is seldom done, but would have communicated with her parents; that he went to see her at the infirmary every day for six days, but saw nothing to lead

him to think that there was anything wrong of a permanent nature; and that he prescribed no treatment, but merely advised her to stay in the infirmary and rest.

Mrs. Goodwin, who testified for the defendants, stated that in November, 1928, she was in charge of the infirmary at Lander College; that during that time she saw nothing that indicated a nervous breakdown on the part of the defendant, Addie E. Greer; and that, if she should judge every girl insane who came to the infirmary with nervousness, there would not be one left.

The insured herself testified that she considered the incident of her being in the infirmary too trivial a matter to mention in answering the questions for reinstatement of the policy, and that she did not consider that she had been "treated" by or had "consulted" Dr. Harper; and that she did not intend by her answers to conceal anything from the company. It was undisputed that the insured continued her school work at Lander or other institutions, in one form or another, up to the time of her breakdown about two years thereafter.

In view of all the testimony, we think that the question was correctly submitted to the jury for their determination. Judge Oxner also properly refused appellant's motion for a new trial.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.

Mr. Justice Bonham (concurring) : I concur upon the strength of the cases of *Fludd v. Life Assur. Soc.; Life Ins. Co. v. Palmer,* and *Ins. Co. v. Wilburn, supra.*