14642

NORRIS v. GUARDIAN LIFE INS. CO.

(198 S. E., 34)

*Messrs. Blythe & Bonham,* for appellant,

*Messrs. Haynsworth & Haynsworth,* for respondent,

536

· June 14, 1938.

*Per curiam.*

The opinion heretofore filed in this case is withdrawn, and in its place and stead this opinion is substituted.

This appeal is from an order of Honorable G. Dewey Oxner, Circuit Judge, refusing to strike out respondent's affirmative defense alleging in substance that the insured in his application for the reinstatement of a life insurance policy, with double indemnity feature, which had been allowed to lapse, had made certain false statements upon which it relied when the policy was reinstated, and hence it was entitled to have the policy cancelled.

The policy was first issued, or is dated July 18, 1925. It lapsed for nonpayment of premium on January 7, 1935. Upon application of the insured, it was reinstated on January 14, 1935. The insured died from an injury in an automobile wreck on December 21, 1935, while said policy was in effect under the reinstatement. Action on the policy was commenced by appellant, the beneficiary named therein, on April 5, 1937, obviously more than two years after the reinstatement of the policy.

Appellant's Exceptions VIII and IX are as follows:

"Error in not holding that, more than two years having elapsed between the date of reinstatement of the policy and the service of the answer setting up the first affirmative defense, the defense was barred by Sec. 7987 Code of Laws of S. C., 1932, and in holding that the rights of the parties became fixed upon the death of the insured and suspended the running of the two year statutory period, and for that reason the statute is not applicable.

"The Court, having held that Sec. 7987 applied to a defense interposed as well as an action brought, erred in not further holding that, more than two years having elapsed between the date of reinstatement and the filing of the answer in this action, the first affirmative defense was barred by the provisions of Sec. 7987 Code of Laws of S. C., 1932."

Section 7987 of the Code, 1932, reads:

"Life insurance companies are hereby authorized to institute proceedings to vacate polices on the ground of the falsity of the representations contained in the application for said policy: Provided, The same be commenced within two years from the date of said policy."

The learned Circuit Judge held that the rights of the parties became fixed upon the death of the insured, and that such death suspended the running of the two-year statutory period in which respondent was authorized to institute proceedings to vacate the policy on the ground of the falsity of the representations contained in the application for the policy of insurance, allthough he correctly held that the time is computable from the reinstatement of a policy, and not the original date of the policy. He bottomed his holding that the rights of the parties to the contract of insurance became fixed upon the death of the insured, and suspended the running of the Statute (7987) on the case of *Love v. Prudential Insurance Co.,* 173 S. C., 433, 176 S. E., 333.

The *Love case,* which in turn was allegedly bottomed upon the case of *New York Life Ins. Co. v. Greer,* 170 S. C.,

151, 169 S. E., 837, would have been authority for the holding of the Circuit Judge, but for two reasons: (1) The portion of the opinion in the *Love case* purporting to hold "that the rights of the parties became fixed at the time of the death or disability of the insured" (page 339) was pure *obiter dictum;* and (2) the *Greer case* merely settled a question of procedure, and was not authority for the holding contained in the *obiter dictum* in the *Love case.*

As will be seen from the below-quoted portion of the opinion in the *Love case,* it was flat-footedly held that the incontestable statutes did not apply. We quote:

"The policy in this case contained two separate contracts, one on the life of the insured and one covering disability which the insured might sustain. *In either view of the case, whether it be a suit for fraudulent breach of contract, as held by the lower Court, or an action in tort, as we have held, there is nothing in the facts setting forth the cause of action which applies to life insurance. The statute limiting the defendant to two years in which it could deny the statements contained in the application is in clear derogation of the common law and must be strictly construed. A strict construction of the statute will disclose that it does not apply to any other than a life policy; in no place referring to a disability, accident, health, or other form of insurance.* The case of *Chattanooga Sewer Pipe Works v. Dumler,* 153 Miss., 276, 120 So., 450, 452, 62 A. L. R., 999, is not exactly in point as to the facts, but the following quotation from that case appears applicable:

" 'In the case at bar, the money involved is in no proper sense the proceeds of a life insurance policy. It is true that it arises out of one of the provisions of a policy of insurance on the life of the appellee, but this provision is a contract of indemnity wholly separate from the contract to pay a fixed sum upon the death of the insured. * * * It thus appears that this contract of insurance contains two wholly separate contracts, one of life insurance, and the

other a contract of indemnity against total and permanent physical disability, and that payments made under the latter contract in no wise affected the rights of the heirs and legatees of the insured, which are protected by the provisions of this statute.'

"The contention of the plaintiff that the policy intended to be bought provided that the disability benefits should be separate and distinct from the life insurance and that the life insurance should not be reduced by the disability payments shows that two separate contracts were claimed to be present in the same policy.

*"We, therefore, hold that the statute, under the strict construction which we deem necessary, does not apply to the disability contract contained in the policy, and that the lower Court was in error in so holding."* (Italics added.)

The opinion then proceeds: "But should there be any doubt as to this holding, there is another reason why the statutory provision should not control * * *." It is in discussing the statute that the case of *New York Life Ins. Co. v. Greer, supra,* is misinterpreted, and the statement made that "the rights of the parties became fixed at the time of the death or disability of the insured." Such a question was not involved in the *Greer case.* In that case all pleadings were filed within two years of the reinstatement of the policy, which gave rise to the litigation. The insurance company had brought an action to have the policy cancelled for fraud in the application therefor. The defendants answered, counterclaiming for the benefits payable under the policy, just as in the case of *Southeastern Life Ins. Co. v. Palmer,* 120 S. C., 490, 113 S. E., 310. The sole question was as to procedure—whether the equitable issue should be tried first, or if the case was triable as a suit at law, and this Court held that the action was strictly a legal one; that the insurer had no right to have the question of fraud in the procurement of the policy adjudicated as an equitable issue, for the reason that the insurer had

an adequate remedy at law; and that had an action been brought for the benefits under the policy, the insurer could have set up as a defense the fraudulent procurement of the policy; that the remedy of cancellation could be determined in one suit and "that the Courts are practical, not technical" (page 311) and there was no reason why every issue made in the case could not be determined in one trial on the law side of the Court. A construction or interpretation of the incontestable statutes was not before the Court.

The question under discussion in this case is governed and settled by the case of *Henderson v. Life Ins. Co. of Virginia,* 176 S. C., 100, 125, 126, 179 S. E., 680, wherein the Court stated:

"The overwhelming weight of authority is to the effect that the death of the insured does not affect the running of the period fixed by a clause in a life insurance policy making it incontestable after a specified time. [Citing authorities.]

"And, when the insured dies within the period named in such clause, the running of the period therein fixed is terminated only by a legal contest within the time prescribed by the incontestable clause. If the insured's beneficiary, or his personal representative, does not institute an action before the expiration of the period of incontestability, then the insurer, in order to avail himself thereof, must before its expiration, contest the policy by some proceeding in Court. [Citing authorities.] This view does not, in our opinion, conflict with the decision of this Court in *New York Life Insurance Company v. Greer,* 170 S. C., 151, 169 S. E., 837."

Appellant's Exceptions VIII and IX are sustained, and this case is remanded to the Circuit Court for such further procedure as may be necessary.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER, and FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.

MR. JUSTICE CARTER did not participate on account of illness.