19663

Helen S. MARLOWE, Respondent, v. RESERVE LIFE INSURANCE
COMPANY, Appellant

(198 S. E. (2d) 267)

*Messrs. Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* of Florence, and *Suggs, McCutcheon & Ray,* of Conway, *for Appellant,* cite:

*Messrs. Burroughs, Green & Sasser,* of Conway, *for Respondent,* cite:

July 16, 1973.

Moss, Chief Justice:

The appellant, Reserve Life Insurance Company, on January 15, 1970, issued a hospital insurance policy to Helen S. Marlowe, the respondent herein. By the terms of said policy, appellant agreed to pay to the insured certain hospital expenses incurred by her.

The respondent instituted this action alleging that while the aforesaid policy was in full force and effect she was

hospitalized in Duke Hospital, in Durham, North Carolina, there receiving medical treatment from May 19, 1970, until May 28, 1970. She alleges that she has filed a claim for the benefits due her under said policy and the appellant has refused to pay said claim.

The appellant, by answer, admitted the issuance of the aforesaid policy of insurance and that the respondent had been hospitalized as above set forth, but refused to pay the claim upon the ground that there were misrepresentations in the application of the respondent as to her medical history, which was relied upon by it, such being material to the risk involved and had the truth been known the policy would not have been issued and it has elected to rescind said policy of insurance and declare same null and void from its inception.

The facts in this case are undisputed. The respondent contacted an agent of New York Life Insurance Company for the purpose of purchasing hospital insurance coverage for herself and her children. This agent informed her that his company could not insure her in view of her medical history, but he agreed to contact an agent of another company which might possibly provide coverage. Shortly thereafter, one John Rouse, an agent of the appellant, contacted her by telephone and made an appointment with her for January 7, 1970, at her home. The respondent had never heard of this agent prior to his telephone call and his visit with her. Upon the arrival of the agent at the home of the respondent, he was advised by her that, "I think you are wasting your time by trying to fill out this application because I have been turned down because my medical record looks like a dictionary." To this Mr. Rouse replied, "Well, I've got plenty of time, and if you've got time, let's go through with it because I think I can take care of it." The application was filled out by the agent himself while asking the respondent questions with respect to the medical history portion of the application. She told the agent that her medical history was so long that she could not remember it all but if he would inquire of Dr. Shingleton at Duke Hospital and Dr. Smith of

Conway, South Carolina, they could make such history available to him.

The respondent testified that her application for hospital insurance was filled out by the agent of the appellant and that she made no entries thereon except the affixation of her signature on the bottom line thereof. She was then asked, "Did you read the application as completed before you signed it?", and her answer thereto was, "No sir, he didn't offer it to me. He just asked me to sign it, and he asked me for a check, and I told him I felt sure he was wasting his time."

The policy in question was delivered to the respondent by mail and when asked if she read it she replied, "No, sir, because he (the agent) told me what it would be and I can tell you now."

This case came on trial before the Honorable Claude M. Epps, Judge of the Civil and Criminal Court of Horry County, without a jury. The appellant admitted at the trial that the respondent advised its agents of her medical history and that she was uninsurable. The appellant further conceded that the respondent did not intend to deceive or defraud it. The appellant seeks to avoid liability under the policy and asserts that it is not estopped to rescind the contract by reason of statements or information given by the applicant to the soliciting agent which were not included in the application. The foregoing position is based upon the provision in the application limiting the agent's authority as follows:

"* * * that the Company is not bound by any knowledge of or statement made by or to any agent, unless set forth in this application, and no agent has authority to waive the answer to any question on this application, to modify this application, or to bind the Company in any way by making any promise or representation?"

The trial judge granted judgment to the respondent as prayed for in her complaint. This appeal therefrom followed.

The general rule is that the knowledge of an agent acquired within the scope of his agency is imputable to his principal, and if an insurance company, at the inception of the contract of insurance has knowledge of facts which render the policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such ground of forfeiture. *Fludd v. Equitable Life Assurance Society,* 75 S. C. 315, 55 S. E. 762, and *Small v. Coastal States Life Ins. Co.,* 241 S. C. 344, 128 S. E. (2d) 175.

The appellant admits that if the foregoing rule was applicable it would be estopped to rescind the contract by reason of misrepresentations in the application. However, the appellant contends that the soliciting agent, Rouse, had no authority to waive any of the appellant's rights by reason of the above quoted limitation contained in the application and that the insured was bound by such.

The rule in this State is that an insurance company cannot set up forfeiture on account of facts known by the agent of the company to be existing at the time of the making of the contract. A provision limiting the power of an agent has no sacrosanct character over any other provision, and like all of them is itself subject to waiver by the company. *Cauthen v. Metropolitan Life Ins. Co.,* 189 S. C. 356, 1 S. E. (2d) 147.

In *Rearden v. State Mutual Life Ins. Co.,* 79 S. C. 526, 60 S. E. 1106, we held that an insurance company, having knowledge through its soliciting agent of misrepresentations in the application, is estopped from asserting forfeiture for the misrepresentation, notwithstanding a provision in the application that the company is to be bound only by statements therein contained, and not by information given to the person soliciting or taking the application, unless it is reduced to writing in the application and presented to the officers of the company.

In 43 Am. Jur. (2d), Insurance, Section 1106, at page 1026, we find the following:

"Apart from any question of the effect of an attempt by the insurer to limit the authority of its agent by stipulations inserted in the application or policy, or provisions in its by-laws, or by statute, the rule supported by the preponderance of authority is that if an application for insurance is drawn by an agent of the insurer, who fills in false answers to the interrogations contained therein which are truthfully answered by the insured, without fraud, collusion, or actual knowledge of the insured, or the existence of circumstances from which constructive knowledge of such falsity might be imputed to him, the insurer cannot rely upon the falsity of such answers in seeking to avoid liability under the policy issued upon the application. The view generally taken is that the agent, in making out the application, acts for the insurer, and the insurer is therefore estopped to assert the falsity of the answers or, as has been said in some cases, the falsity is deemed to be waived by the insurer. Hence, under the above principle the insurer in an action on an insurance policy cannot avoid liability on the ground that false answers appear in the application if it is shown that (1) the false answers contained in the application were inserted by an agent of the insurer, (2) the answers to the interrogations in the application were truthfully given without fraud or collusion, and (3) the applicant had no knowledge, actual or constructive, that his application contained false answers.

In order to defeat a claim on a policy of insurance, it is incumbent on the company to show that the misrepresentations relied on were those of the insured, and not mistakes or misrepresentations of its own; and in accordance with the rule applicable to insurance contracts generally, where the fact is correctly stated by the applicant for insurance but a false answer is written into the application by an agent of the company without knowledge or collusion of the applicant, the company is bound,

and it makes no difference whether the agent acted negligently or fraudulently, or whether the application contained a covenant that the agent could not bind the company by making or receiving any representations or information. 45 C. J. S. Insurance, § 595(5) at page 409.

Rouse, the agent of the appellant, had authority to solicit risks for his company, receive applications therefor, and forward them to his company. His employment carried with it the implication of authority to fill out an application, and to do all things needful in perfecting it.

When an agent of an insurance company, who fills out an application for an insurance policy, is duly informed of the facts and fails to state them in the application, the actual knowledge of the agent will be held to be the knowledge of the company, where there is good faith on the part of the applicant. *Reserve Life Ins. Co. v. Ferebee*, 202 Va. 556, 118 S. E. (2d) 675.

We quote further from the cited case the following:

"In *Modern Woodmen of America v. Lawson*, 110 Va. 81, 86, 87, 65 S. E. 509, 511, this is said:

'* * * (A)n applicant for insurance has a right to depend upon the superior knowledge of the agent, and, in the absence of notice of limitations upon his powers, to assume that his authority is commensurate with the nature of the employment, and in good faith to act upon information imparted by the agent, and to follow his instructions in all matters pertaining to the preparation of the application.'

"In *Gilley v. Union Life Ins. Co.*, 194 Va. 966, 973, 76 S. E. (2d) 165, 169, quoting from 2 Joyce on Insurance, Section 475, this is said:

" 'Where the insured at the time of making the application, gives full, true and correct answers, relying upon the skill, honesty, and good faith of the company's agent to fill out the application correctly, and such agent makes out the application incorrectly or inserts answers different from

those given or false answers, the company cannot take advantage thereof, and where the applicant is ignorant of the discrepancy or wrongful act of the agent he is entitled to recover on the policy, and this rule applies even though the agent in such case has transcended his actual authority." ' "

We have held that a soliciting agent of a life insurance company can waive a stipulation in the policy which provides that waiver may be made only by an executive officer of the company. *Fender v. New York Life Ins. Co.,* 158 S. C. 331, 155 S. E. 577; *Gandy v. Insurance Company,* 52 S. C. 224, 29 S. E. 655; and *Able v. Pilot Life Ins. Co.,* 186 S. C. 26, 194 S. E. 628. The rationale of this rule is here applicable.

It is admitted that the respondent gave to the soliciting agent of the appellant truthful answers as to her medical history and all questions propounded to her by such agent. It is true that she did not read the application after it had been filled out. Her explanation for not reading the completed application was that the agent did not offer it to her but just asked her to sign it and give him a check for the premium. Here, the respondent had frankly stated to the agent that she was not insurable and because of her medical history he was wasting his time in taking the application. All of this negatives the contention of the appellant that the respondent was intending to deceive or defraud it. There is no evidence that she had any actual or constructive knowledge of any limitation upon the authority of the soliciting agent. There is evidence to justify the respondent in placing trust and confidence in the agent's proper discharge of his duty to write correct answers in her application. There are sufficient circumstances here which we think excuse the failure of the respondent to read the application before affixing her signature thereto.

We conclude that where the insured, acting in good faith, makes truthful answers to the application questions, but those answers are incorrectly transcribed

by reason of fraud, mistake, or negligence of the insurer's soliciting agent, the insurer is estopped to set up the omissions in or the falsity of such answers, even though there is a limitation on such agent's authority in the application.

In view of the conclusion we have reached, we find it unnecessary to pass upon the second question posed by the appellant.

All exceptions are overruled and the judgement below is, Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.