24015

SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant v. Lease D. MAYER, Respondent.

(441 S.E. (2d) 824)

Supreme Court

*William W. Doar, Jr.* and *Charles T. Smith,* both of *McNair Law Firm, P.A.,* Georgetown, *for appellant.*

*Robert H. O'Donnell,* of *Schneider & O'Donnell, P.A.,* Georgetown, *for respondent.*

Heard Jan. 6, 1994.

Decided Feb. 22, 1994.

CHANDLER, Acting Chief Justice:

On appeal is an Order of the master-in-equity holding that Appellant (Insurance Company) is not entitled to reimbursement of $16,000 paid to Respondent (Mayer) under the "additional living expenses" clause of her homeowner's insurance policy. We affirm.

## FACTS

Mayer maintained homeowner's coverage from Insurance Company on her house in McClellanville. The policy contained an "additional living expenses" clause, providing that:

> If a loss covered under this Section makes that part of the residence premises where you reside uninhabitable, we cover *the necessary increase in living expenses incurred* by you so that your household can *maintain its normal standard of living*. Payment will be for the shortest time required to repair or replace the damage or, *if you permanently relocate*, the shortest time required for your household to settle elsewhere. But in any event, that time will not exceed 12 months.

(Emphasis by Insurance Company.) The policy limit for additional living expenses was $16,000.

The McClellanville house was decimated by Hurricane Hugo. Shortly thereafter, in October of 1989, Insurance Company paid Mayer $2,000 for additional living expenses. In November of 1989, Mayer was also paid an additional $14,000 after discussing with the Claims Manager the possibility of purchasing a mobile home in which to live while the McClellanville home was being rebuilt.

Subsequent to receiving the policy limits for additional living expenses, Mayer told Insurance Company that she was living in Georgetown in another house she owned. This conversation occurred in February of 1990. Insurance Company then sought reimbursement of the $16,000, contending that Mayer was not entitled to additional living expenses since she had another house in which to live. Mayer claimed that she was entitled to the payment.

Insurance Company commenced suit seeking an accounting and restitution of any amounts paid that were not incurred as additional living expenses. The case was referred to the Master with finality. After a trial, the Master held that Mayer was

not required to provide an accounting, nor was she required to reimburse Insurance Company. Insurance Company appeals.

## ISSUE

Did Insurance Company waive the right to seek restitution of the payments for additional living expenses?

## DISCUSSION

### Waiver

The Master found that Insurance Company waived its right to claim reimbursement for the additional living expenses and was stopped from seeking repayment. Insurance Company contends this was error. We disagree.

Insurance Company argues that it sought repayment from Mayer immediately after it learned that she had the second Georgetown residence in February of 1990. However, testimony from Mr. Warner, the insurance adjuster, firmly establishes that he knew about the Georgetown residence in November of 1989, possibly before Insurance Company paid the remaining $14,000 for the additional living expenses:

> Q. When you made the $2,000 payment and then had the later conversation with her, what was your understanding or impressions at that time with regards to where she was living, what she was having to spend and so forth?
> A. I believe that my findings were that she was living in her house in Georgetown and that her living expenses were basically the same that they were before the storm. In other words, there hadn't been any increase in her living expenses.
> Q. And when was that made clear to you?
> A. Sometime I guess in November.

The knowledge of Warner is imputed to Insurance Company. *Marlowe v. Reserve Life Ins. Co.*, 261 S.C. 23, 198 S.E. (2d) 267 (1973).

Insurance Company paid the claim in full, without documentation, and required that Mayer sign a waiver. Moreover, there is evidence that Insurance Company knew of the Georgetown residence prior to paying the claim, or, at the latest, shortly thereafter. Notwithstanding, it was not until

February of 1990 that Insurance Company reviewed the file and decided to seek repayment. The record indicates that Mayer failed to document her expenses because she was not told to do so; indeed, she thought the matter had been closed. It is noteworthy that Insurance Company does not allege fraud or deceit on the part of Mayer. Under these facts, we agree with the Master that Insurance Company waived any right to reimbursement of the additional living expenses.

In light of this holding, we need not address the remaining issues.

Affirmed.

FINNEY, TOAL and MOORE, JJ., and C. TOLBERT GOOLSBY, JR., Acting Associate Justice, concur.