7490

ROBERTSON v. FRATERNAL UNION OF AMERICA.

1. INSURANCE—NONSUIT.—Appellant cannot complain of error in not granting nonsuit on ground that trial Judge did not require plaintiff to introduce the application along with his certificate, when defendant introduced it after motion.

2. IBID.—FRATERNAL INSURANCE SOCIETIES are exempt from the general insurance laws and may contest the truth of statements in the application after receiving dues on the certificate for two years.

3. HARMLESS ERROR—EVIDENCE.—Erroneous exclusion of evidence is cured by witness afterwards testifying on the excluded subject.

4. EVIDENCE.—To raise the point that evidence has been improperly ruled out, the party should produce his witnesses and make the point on exclusion of the evidence, and this rule applies where a question ruled out was afterward answered.

15—85

5. Insurance—Charge—Harmless Error.—The erroneous instruction that defendant could not avail itself of false representations in the application after membership for two years was harmless as there was no evidence of false representations.

6. Ibid.—Ibid.—Ibid.—There being no evidence in this case tending to show the insured drank to such excess as to impair his health, the erroneous instruction that the policy would not be avoided by intemperance unless it was such as to impair the health of insured, which impairment was the direct and proximate cause of his death, was harmless error.

Before Watts, J., York, February term, 1908.   Affirmed.

Action by Maggie Robertson against Fraternal Union of America.   From judgment for plaintiff, defendant appeals.

*Messrs. Shepard Bros., Spencers* and *Dunlap,* for appellant.   The latter cites: *Certificate improperly admitted:* 28 S. C., 431; 29 S. C., 560; Bliss on L. I., secs. 34, 44, 61; 67 Penn., 108.   *Evidence as to falsity of statements in application improperly ruled out:* Code 1902, 1807, 1825.

*Messrs. Wilson & Wilson,* contra, cite: *Answers in application are not warranties:* 66 L. R. A., 322; 10 A. R., 166; Bliss on Ins., 80; 120 U. S., 183.   *Burden is on defendant to prove non-performance of conditions:* 28 S. C., 431; 120 U. S., 214; 23 A. R., 198; 12 Pet., 178; 62 S. C., 145; 1 Ency., 49.   *As to intemperance:* 75 S. C., 315; 61 S. C., 338; 8 U. S., 331; 105 U. S., 350; 120 N. Y., 237; 9 Fed. R., 249; 9 App. Cas., 671; 8 Daly, 390; 4 Big., 395; 46 Md., 302; 122 U. S., 501.

March 14, 1910.   The opinion of the Court was delivered by

Mr. Justice Woods.   The plaintiff, as the beneficiary of a certificate or policy of life insurance issued by the Fraternal Union of America to Erwin Robertson, recovered judg-

ment for one thousand and sixty-five dollars and fifty cents, the full amount of the insurance. The policy was issued April 13, 1900, and Robertson died December 17, 1905.

The defendant's first grounds of appeal are that the Court did not require the plaintiff to introduce in evidence Robertson's application for membership in the defendant association along with the policy, and did not grant a motion for nonsuit made because the plaintiff did not offer the application. On these points it is enough to say that the defendant had the benefit of the application by introducing it, and that this Court will not reverse an order refusing a nonsuit for lack of evidence when the evidence was afterwards supplied by the defendant. *Martin* v. *Ranlett*, 5 Rich., 541; *Hicks* v. *Southern Ry.*, 63 S. C., 559.

The first question made by the appeal arises under the defense thus set up in the answer: "That the beneficiary certificate, the subject of this action, was issued to the said Erwin Robertson only upon condition that each of the answers to the various questions in the application for membership in the defendant was true; and was warranted to be true; it being specially provided in the said application that, if any of the answers to the various questions propounded were untrue, then the said beneficiary certificate issued on account of said application should become null and void; and, in this connection, the defendant charges: (a) To the question: 'Are your habits now, and have they always been, sober and temperate?' The said Erwin Robertson replied, 'yes,' which answer the defendant alleges was untrue and known by the applicant to be untrue. (b) To the question: 'Do you now use beer, wine or spirits as a beverage?' The said Erwin Robertson replied, 'no,' which said answer the defendant alleges was untrue and known by the applicant to be untrue."

In the effort to support this defense defendant's counsel asked the witness J. C. Lindsay a question as to Robertson's habits prior to the date of the policy. The question

was excluded by the Court on the ground that under the statute law of this State the question was irrelevant, defendant having received premiums for more than two years after the issuance of the policy. In section 1825 of the Civil Code, Chapter XLV, it is provided: "All life insurance companies that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the insured person had made false representations, and the said application and representations shall be deemed and taken to be true." The defendant, however, is a fraternal beneficiary association falling under Chapter XLVI of the Civil Code, which provides: "Such associations shall be governed by this chapter and shall be exempt from the provisions of the insurance laws of this State, and no law hereafter passed shall apply to them unless they be expressly designated therein." Therefore the Court erred in excluding the question of defendant's counsel, but the error became harmless when the witness subsequently testified directly on the point, saying that up to April 13th, 1900, the date of the policy, Robertson 'wasn't drinking a drop.' Lindsay was defendant's own witness, and if it had other witnesses who would have testified differently, they should have been offered, and the issue made on the exclusion of their evidence.

The erroneous instruction to the jury that the defendant could not avail itself of a false representation in the application for membership after two years, was likewise harmless, because there was no evidence offered tending to show that the answers of the applicant were false.

In accordance with the precise terms of one of the provisions of the Constitution of the Fraternal Union of America, referred to in the policy, counsel for defendant

requested the Circuit Judge to charge the jury that: "If you find that the insured died from disease resulting from his intemperate habits, or from the result of drunkenness, or if he became so far intemperate as to impair his ·health, then, in that event, plaintiff cannot recover." In submitting this request, together with a number of others, to the jury, the Court said: "I charge that as good law and applicable to this case except as I may hereafter modify it in my general charge."

On the same subject the general charge was in these words: "Now, I charge you further as a matter of law, that after Erwin Robertson received his policy or beneficiary certificate, whatever you choose to call it, if he became intemperate and used liquor so as to impair his health, and that was the direct and proximate cause of his death, then he cannot recover. Now, the occasional use of alcoholic liquors, or occasional abuse of alcoholic liquors, does not in itself mean that a man is abusing it to such an extent as to abuse his health. That is to be left to the common sense of a jury trying a case under all the facts and circumstances of a case. If a man habitually abuses and drinks to excess, habitually uses and abuses and uses alcoholic liquors, and drinks to such an extent as to impair his health, and that impairment by reason of the intemperate or excessive use of liquor in any way contributes to the direct and proximate cause of his death, then under circumstances of that kind a party wouldn't be entitled to recover over one-third. If, however, you conclude that Erwin Robertson did use liquor occasionally, or even if he abused it occasionally, yet, if you don't think that use or abuse was habitual or he didn't use it to such extent as to seriously impair his health, or to impair his health, or break down his physical constitution, or things of that sort, under circumstances of that sort, you could find for the plaintiff in this case."

The charge was too favorable to the plaintiff in that it conveyed the idea that the provision of the policy would not

be violated by intemperance which impaired the health of the insured, unless the impairment of health was the direct and proximate cause of death. With reference to the use of liquor there were two conditions on which the policy of Robertson was to be void: First, if he died "from disease resulting from his intemperate habits * * * or from the result of drunkenness;" second, "if the member shall become so far intemperate or use drugs to such an extent as to impair his health." In the charge to the jury the defendant was not given the benefit of the second condition. The error, however, cannot result in a new trial because there was no evidence whatever of intemperance of Robertson resulting in the impairment of health. .

One of the witnesses for the defendant testified that he had known Robertson to drink occasionally, but very seldom. The other testified that he saw him in the year 1904 three or four times under the influence of liquor on the streets, able to walk, but showing that he had been drinking. Phillips, a son-in-law of Robertson, and a witness for the plaintiff, testified that during the year before his death he got on an occasional spree, which would last a day or two. This was the entire evidence on the subject. From it the jury would certainly have been warranted in the conclusion that the insured was intemperate. But proof of mere intemperance was not sufficient. To invalidate the policy it was necessary to show intemperance extending to impairment of health; and there was no proof whatever that Robertson's health was impaired. In the absence of such proof, it was not reversible error for the Circuit Judge to fail to instruct the jury that intemperance resulting in the impairment of health would invalidate the policy.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.