FLOYD *ET AL.* v. BENNETT *ET AL.*

(117 S. E., 722)

Statutes—Act Relating to Cities Having Commission Form of Government Held Unconstitutional for Failure to Express Subject in Title.—Act March 26, 1923, purporting to make a gen-

eral provision for certain cities having a commission form of government, entitled, "An Act to amend * * * relating to the commission form of government, its adoption or abandonment and by making said sections general in their application and by more definitely prescribing the method of classifying cities according to population" which in its operation applied only to one city, *held* unconstitutional as a violation of the second clause of Const. Art. 3, § 17, providing "Every Act or Resolution having the force of law shall relate to but one subect, and that shall be expressed in the title"; the Legislature having no right merely because an Act naming a particular city might be unconstitutional to pass the same Act under some other title purporting to be general.

In the original jurisdiction. Petition for injunction by J. F. Floyd and others against J. W. Bennett and others as Commission of Election of the City of Spartanburg and J. T. Ouzts as Supervisor of Registration. Petition granted.

*Messrs. Lyles, Daniel & Drummond,* for petitioners, cite: *Act in conflict with Constitution* 1895, Art. 1, Sec. 8; Sec. 34, Subd. 11, Art. 3; Sec. 17, Art. 4. *Commission Form of Government:* 1 Civ. Code 1912, Sec. 3072 et seq.; 27 Stat., 793; 31 Stat., 289; 31 Stat., 1649; 114 S. C., 116. *Classification cannot be arbitrary:* 19 R. C. L., 743; 68 L. R. A., 622; 3 Ann. Cas., 496; 54 Am. Rep., 182; 79 N. W., 536; 15 Ann. Cas., 849; 2 L. R. A., 577; 127 A. S. R., 562; 76 A. S. R., 17; 90 A. S. R., 592; 103 A. S. R., 234; 53 A. S. R., 628; 21 A. S. R., 772; 64 A. S. R., 600; 99 A. S. R., 225; 114 A. S. R., 313; 14 L. R. A., 725; 56 L. R. A., 558; 6 L. R., A. 56; 7 L. R. A., 193; 42 L. R. A. (N. S.), 493; 33 L. R. A., 589; 31 L. R. A., 186. *Title confusing:* 116 S. C., 193.

*Messrs. Nicholls & Wyche* and *Perrin & Tinsley,* for respondents.

May 31, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The General Assembly, at its last session, passed the following act:

"An act to amend Section 4920, Paragraph 18; Section 4934, Paragraph 22; Section 4941, Paragraph 39 of Article VIII of the Code of Laws of South Carolina, 1922, Volume 3, relating to the commission form of government, its adoption or abandonment and by making said sections general in their application, and by more definitely prescribing the method of classifying cities according to population.

"Section 1.   Be it enacted by the General Assembly of the State of South Carolina:   Any city or cities having heretofore been in the class of between ten thousand and twenty thousand inhabitants herein mentioned and having heretofore adopted a commission form of government as herein provided, but shall have, since adopting said commission form of government, obtained the number of inhabitants required in cities in the class of between twenty thousand and fifty thousand inhabitants providing for a commission form of government, as shown by the last preceding United States census, shall on the first Tuesday in June, 1923, hold a special election upon the question of abandoning the commission form of government, and the Governor shall, by proclamation, call a special election to be held on the second Tuesday in June, 1923, and at such election submit to a vote of the qualified registered electors of said city or cities the question of abandoning the commission form of government, and at such election this question shall be submitted by the Governor in his proclamation in the following form:   'Shall the city of —— abandon the commission form of government?'   At such election there shall be provided by the board of commissioners of election ballots on which shall be written, 'Shall the city of (name of city) abandon the commission form of government?.   Yes.   No.'   Those voting in favor thereof shall deposit a ballot with the word 'No' erased,

and those opposed shall deposit a ballot with the word
'Yes' erased.  Each qualified registered elector shall be al-
lowed to vote one ballot.  The said election shall be con-
ducted and the vote canvassed and the result declared in
the same manner as heretofore provided by law in respect
to municipal elections, except as hereinafter provided.  If
a majority of the votes cast shall be 'Yes' (the word 'No'
being erased), the board of commissioners of elections shall
declare that the said city has·abandoned the commission
form of government, and, in such event, the government
of said city shall revert to the aldermanic form of govern-
ment and operate under the general provisions of law ap-
plicable to cities in the class into which said town has
gown.  If there be not a majority of the ballots with the
word 'Yes' thereon and the word 'No' erased, the board
of commissioners of elections shall declare that the com-
mission for of government has not been abandoned, and,
in such event the government of such city or cities shall be
changed into the class of commission form of government
into which said city has grown."  .

"Immediately after the result of said election is declared,
the board of commissioners of elections shall forthwith
file with the Secretary of State a certificate stating the re-
sult of said vote, which certificate shall be recorded in the
office of the Secretary of State and shall be sufficient record
and notice that the said city is thereafter operating under
the form of government adopted by said election as herein
provided."

"Immediately after the filing of said certificate in the
office of the Secretary of State, if the result of said election
be in favor of abandoning the commission form of gov-
ernment, the Governor shall, by proclamation, publish con-
tinuously in the daily newspapers of said city or cities, up
to the day of election, order a special election to be held in
said city or cities on the second Tuesday in August, 1923,

for the mayor to be elected at large by the direct vote of the qualified electors of said city or cities, and one alderman from each ward, to be elected separately by the electors of such ward and not by the electors at large of said city or cities. And the said election shall be conducted, and the vote canvassed, and the result declared in the same manner as heretofore provided by law in respect to municipal elections for mayor and councilman for cities in the class of said city. The mayor and alderman elected in such election, shall, within ten days from the date of such election, qualify and take office as now provided by law. Provided, that any city or cities in this class having failed for any reason to elect the number of commissioners required in this Act, shall, on the second Tuesday in August, 1923, hold an election for the number of commissioners necessary to complete the full quota as herein provided; said election to be held in the same manner and form as provided in this Act for commissioners.

"Sec. 2. All acts or parts of acts in conflict herewith are hereby repealed.

"Sec. 3. This act shall take effect immediately upon its approval by the Governor.

"In the Senate House the 24th day of March, in the year of our Lord one thousand nine hundred and twenty-three.

"E. B. JACKSON,
"President of the Senate.
,                     "T. S. McMILLAN,
"Speaker of the House of Representatives.
"Approved March 26, 1923.
"THOS. G. McLEOD, Governor."

Under its provisions an election has been ordered upon the questions of abandoning the commission form of government for the city of Spartanburg. This is a proceeding to enjoin the election on the ground that the act is un-

constitutional. There are several allegations of uncon-
stitutionality; but, if the act be declared unconstitutional
on one ground, the others become academic, and need not
be considered.

The act is clearly unconstitutional in that it is in viola-
tion of Section 17 of Article 3 of the Constitution, which
reads:

"Every act or resolution having the force of law shall
relate to but one subject, and that shall be expressed in
the title."

The conflict does not apply to the first clause. There are
several elections provided for, but they are a part of one
scheme, and should be provided for in one act.

The act violates the second clause. The subject is not
expressed in the title. The title professes to make a gen-
eral provision for certain cities having a commission form
of government. It provides for only one election and
certain subsidiary elections on certain days, and after that
it is no longer of force. It is true that the whole act need
not and should not be put in the title, but the title must
not be misleading. It is practically admitted in the argu-
ment that the Act applies only to the City of Spartanburg,
and to no other city. It may be that an act that named
the city of Spartanburg might have been unconstitutional
for another reason, but that does not authorize the Legisla-
ture to pass an act that affects Spartanburg alone, under
some other title. This act is clearly unconstitutional, and
the prayer of the petition is granted, and the injunction
prayed for in the petition is ordered. J. W. Burnett, J.
T. E. Thomas, and O. T. Gallman, as commissioners of
election of the city of Spartanburg, and J. T. Ouzts, as
supervisor of registration of the city of Spartanburg, and
all other persons associated with them, are hereby enjoined
from holding any election under the Act herein set forth.

Mr. Chief Justice Gary, and Mr. Justice Watts concur.

Mr. Justice Cothran concurs in result.

Mr. Justice Marion dissents.