13921

LOVE v. PRUDENTIAL INS. CO. OF AMERICA

(176 S. E., 333)

434

438

440

*Messrs. Osborne & Butler,* for appellant,

*Messrs. Johnson & Johnson* and *Samuel N. Burts, Jr.,* for respondents,

October 10, 1934.

The opinion of the Court was delivered by Mr. Acting Associate Justice W. C. Cothran.

On or about April 1, 1931, the plaintiff herein, who is the respondent, applied to the defendant-appellant for a policy of insurance. No medical examination was required and upon the application as filed the policy was issued on April 20, 1931. In the fall of 1932 the complaint alleges that the plaintiff became totally disabled and applied to the defendant for the disability benefit of $500.00 in cash. The defendant declined to pay this amount, claiming that the policy provided for the payment of quarterly sums of $14.71 for ten years and that the amount of the disablity payments should be deducted from the life insurance portion of the policy in case of the death of the insured. This was most unsatisfactory to the plaintiff as, he alleged, the agent of the defendant had misled him into taking a policy entirely different from the one he had contracted to take and that the conduct of the agent was fraudulent in that the agent had induced him to pay premiums for that which he had not contracted to receive. The suit brought by the plaintiff was in tort and demanded actual and punitive damages against the defendant, the real cause of action being that by the fraudulent misrepresentations of the defendant he had been induced to accept and pay the premiums upon a policy which he had never agreed to purchase. As this appeal is from an order sustaining a demurrer to the answer of the defendant, it will be necessary to set forth the defenses with some degree of particularity.

The first defense, after admitting the issuance of the policy, denied the remaining allegations of the complaint.

The second defense alleged the false and fraudulent answers to health questions set out in the application, such as health being good, never being sick, having no doctor attend him in three years, and having no physical or mental defect. In denial of the truth of these answers, the defendant alleged that at the time they were written the plaintiff was suffering from a mature cataract of the right eye which rendered him almost blind in that eye and an immature cataract of the left

eye which seriously impaired his vision. It was further alleged that about a year before obtaining the policy the plaintiff claimed to have had an accident to his right eye which completely blinded it and that one or more physicians attended him at that time. That these representations were false, fraudulent, and unknown so to be to the defendant and that with knowledge thereof the policy would not have been issued.

The third defense alleged a condition of the policy providing that the policy would be of no effect, if on its date, the insured be not in sound health; and that the insured was not in sound health either on the date of the policy or on the date it was delivered.

The fourth defense denied the plaintiff has ever furnished proofs of his disability as required by the terms of the policy, or that he was totally and permanently disabled at all and certainly not for four months prior to the filing of proofs of disability.

The fifth defense alleged that the plaintiff continued to pay premiums after he had discovered he had not received the policy he intended to get and that by paying the premiums after knowledge of the character of the policy he thereby affirmed and ratified the contract which he did receive and was bound by its terms. It was further alleged that the policy lapsed for nonpayment of dues on March 20, 1933, the date of the last premium payment. The answer prayed for a dismissal of the complaint and that the policy be adjudged null and void and delivered up and canceled for failure to pay the premiums thereon.

To this answer the plaintiff demurred, the grounds of demurrer being three in number.

The first ground was directed against the second defense set up in the answer and charged that the defendant had received premiums on the policy for two years and was conclusively bound to the truth of the contents of the application.

The second ground of demurrer relates to the second defense and alleges that according to the answers in the application the insured was in good health when the policy was issued, the defendant being bound by the answers after two years. Further, that there had been no return of the premiums received or offer to return them.

The third ground of demurrer alleges that the defendant has no right to demand a cancellation of the policy on the ground of fraud in the application, for the reason that the policy was more than two years old. This ground of demurrer refers to the latter part of the fifth defense although it does not specifically so state. It seems that the demurrer was not addressed to the first and fourth defenses.

Following the demurrer, the plaintiff gave notice of a motion to strike from the answer Paragraphs 2, 3, 4, 5 and 6. These paragraphs contained the second and third defenses as outlined above. The motion was made upon the ground that these paragraphs contain allegations which contravene Sections 7986 and 7987 of the Code of 1932, these sections relating to the incontestable provision after receiving premiums for two years.

The order of the Judge of the County Court sustained the contentions of the plaintiff, sustained the demurrer to the answer, and struck from the answer the paragraphs listed in the notice and above set forth.

An appeal from the order followed.

The exceptions raise the following questions:

1. Did the County Judge err in holding that the action was for the alleged fraudulent and tortious breach of a contract of insurance?

2. Is the case governed by Sections 7986 and 7987 of the Code in various aspects?

3. Did the defendant waive its right to defend the suit on the ground of ill health of the insured on the date the policy was issued by acceptance and retention of the premiums?

We can discover in the complaint no allegations sustaining the holding that the cause of action therein stated is for "fraudulent and tortious breach of an alleged contract of insurance." The complaint proceeds in tort, the plaintiff being induced by fraud to enter into that certain contract, to receive that certain policy, and nowhere is it alleged that the contract of insurance, evidenced by the policy, was broken by the defendant fraudulently or otherwise. Standing alone, this holding might be considered immaterial, but it is very important in the consideration of the applicability of the incontestable statutes, Sections 7986, 7987. The demurrer to the answer was sustained solely upon the ground that those sections of the Code were directly applicable to the situation here presented and that the defendant could not deny the truth of the statements made in the application for insurance as the two-year provision in the statute applied, the defendant having admittedly received premiums for that length of time.

The statute in question, Section 7986, provides that any company which issues a policy upon the life of a person and shall receive premiums thereon for two years, shall thereby waive its right to dispute the truth of the statements made in the application.

The policy in this case contained two separate contracts, one on the life of the insured and one covering disability which the insured might sustain. In either view of the case, whether it be a suit for fraudulent breach of contract, as held by the lower Court, or an action in tort, as we have held, there is nothing in the facts setting forth the cause of action which applies to life insurance. The statute limiting the defendant to two years in which it could deny the statements contained in the application is in clear derogation of the common law and must be strictly construed. A strict construction of the statute will disclose that it does not apply to any other than a life policy; in no place referring to a disability, accident, health, or other form of

insurance. The case of *Chattanooga Sewer Pipe Works v. Dumler,* 153 Miss., 276, 120 So., 450, 452, 62 A. L. R., 999, is not exactly in point as to the facts, but the following quotation from that case appears applicable:

"In the case at bar, the money involved is in no proper sense the proceeds of a life insurance policy. It is true that it arises out of one of the provisions of a policy of insurance on the life of the appellee, but this provision is a contract of indemnity wholly separate from the contract to pay a fixed sum upon the death of the insured. * * * It thus appears that this contract of insurance contains two wholly separate contracts, one of life insurance, and the other a contract of indemnity against total and permanent physical disability, and that payments made under the latter contract in no wise affected the rights of the heirs and legatees of the insured, which are protected by the provisions of this statute."

The contention of the plaintiff that the policy intended to be bought provided that the disability benefits should be separate and distinct from the life insurance and that the life insurance should not be reduced by the disability payments shows that two separate contracts were claimed to be present in the same policy.

We, therefore, hold that the statute, under the strict construction which we deem necessary, does not apply to the disability contract contained in the policy, and that the lower Court was in error in so holding.

But should there be any doubt as to this holding, there is another reason why the statutory provision should not control the decision to sustain the demurrer to the several separate defenses set forth in the answer relative to the falsity of the answers to questions in the application.

It appears that within less than two years from the date of the policy, the plaintiff claimed to have received an injury to his right eye which rendered him totally disabled. This

being the case, what were the rights of the defendant and what course, if any, could it pursue? The latest discussion of these questions is found in the case of *New York Life Insurance Co. v. Greer,* 170 S. C., 151, 169 S. E., 837. In that case Mr. Justice Stabler reviews all of the cases on the subject and holds, in effect, that the rights of the parties became fixed at the time of the death or disability of the insured and that the insurance company has no right to enter a Court of equity to seek a cancellation of the policy for fraud on the ground of false statements in the application, as the company would have an adequate remedy at law in using the same grounds to defend a suit upon the policy.

It is, therefore, perfectly clear that where the disability occurred within the two-year period, as the date in this case, the plaintiff could not withhold bringing his suit until after the expiration of the two-year period in order to obtain the benefit of the two-year incontestable statute. The disability having occurred within the two-year period, it follows that the statutory provisions are not applicable.

There are other interesting questions raised by this appeal to which we need not further advert although they have been carefully considered as they may properly come up on the trial of the cause.

It only remains to consider the question of waiver. The lower Court held that the defendant had waived its right to claim that the plaintiff was not in sound health on the date of the delivery of the policy. The appellant challenges this holding on the ground that waiver is always a question for the jury and cites numerous cases wherein this Court has so held. As we construe this ruling of the lower Court, the County Judge was merely following his construction of the two-year statute as being applicable to the case. If the statute had been applicable, then the question of waiver became a matter of law thereunder by the admitted facts. However, we have endeavored to show that the two-year statute was not applicable and, hence, the lower Court

was in error in holding that the defendant had waived its right to contest the case on the ground of false statements in the application.

As to the point made concerning the retention of premium payments after notice of the disability of the plaintiff, as raised by the respondent, we do not see how this can be urged as a reason for the order sustaining the demurrer to the answer. The action was, as before stated, one in tort for the alleged fraud in inducing the plaintiff to take a policy which he had not contracted to take, thereby recognizing the existence of a contract although not the one the plaintiff says he was to receive. The defendant likewise recognizes the fact that a policy was issued and seeks a cancellation thereof because of the alleged fraud of the plaintiff in misleading the defendant by false answers in the application. The question of retention of premiums as constituting a waiver may come up in the trial of the cause along with other questions of law and fact growing out of the admitted evidence. A decision of such questions on this appeal from an order sustaining a demurrer to the answer is considered premature.

The order sustaining the demurrer is therefore, reversed.

The complaint and the order sustaining the demurrer should be reported.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.