14965

MURRAY v. SOVEREIGN CAMP, W. O. W.

(5 S. E. (2d), 560)

102

April, 1939.

*Messrs. Perrin & Tinsley* and *Horace L. Bomar, Jr.,* for appellant,

*Messrs. Whiteside & Taylor,* for respondent, ▮▮▮▮

November 13, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The defendant in this case, as appears from the record, is incorporated under the laws of the State of Nebraska, and is a fraternal benefit society, with certain local camps in South Carolina, one of which is located at Glendale. On March 11, 1939, this action was brought in the County Court of Spartanburg for the collection of a policy of life insurance, the summons being served upon A. W. Pruitt, the local financial secretary of the Glendale Camp; no service was made upon the State Insurance Commissioner, as provided by Section 8056 of the Code of 1932. In due time thereafter, counsel for the defendant specially appeared before the county Judge for the purpose of objecting to the jurisdiction of the Court, and moved that service of the summons be set aside and declared to be of no force and effect, on the ground that it was not made in conformity with the section of the Code above named. Judge Merchant refused the motion, holding that service on Pruitt, an agent of the association, was sufficient to acquire jurisdiction of the defendant, and that service on the insurance commissioner under the statute was not exclusive. The only question presented by the appeal is whether he was correct in this.

No case has been cited involving a construction by this Court of Section 8056, and we apprehend that no such case can be found. The county Judge based his order upon a decision construing Section 7964 of the Code of 1932, providing for service on foreign insurance companies as distinguished from fraternal benefit associations, the wording of the two sections being practically the same. The case referred to is *Lucas v. N. C. Mutual Life Ins. Co.,* 184 S. C.,

119, 191 S. E., 711, in which it was held that service on the State Insurance Commissioner, as provided by the Statute, was not exclusive. Counsel for the appellant asked and received permission of the Court to review the *Lucas case* with regard to its holding thereabout, with a view to having same modified or overruled.

In 1908 the Legislature passed an act (25 Stat. at Large, 999) "to Establish the Insurance Department of South Carolina, and to Provide for the Conduct of Same". No specific mention was made therein to fraternal benefit associations as such; and there was no provision specifically relating to the method of serving or acquiring jurisdiction of a foreign insurance company. In 1910, however, another act was passed (26 Stat. at Large, 772) enlarging somewhat the general insurance law, and providing (Section 17) for service upon the insurance commissioner as follows: "Each foreign company, before being licensed to do business in South Carolina, shall appoint the insurance commissioner as its attorney to accept service, and such appointment shall continue in full force and effect so long as such company shall have outstanding policies in this State and until all claims of every character held by citizens of this State, or by the State against such company, shall have been settled. * * *" This section of the Act appeared in the Code of 1912 as Section 2705.

In 1910 the General Assembly also enacted a Statute (26 Stat. at Large, 554) "for the Regulation and Control of Fraternal Benefit Associations", Section 13 thereof now appearing as Section 8056 of the Code of 1932, to which reference has been made above. We quote here a part of it: "Every association, whether domestic or foreign, hereafter applying for admission, shall before being licensed, appoint in writing the insurance commissioner and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process

against it which is served upon such attorney shall be of the same legal force and validity as if served upon the association, and that the authority shall continue in force so long as any liability remains outstanding in this State.   *   *   *"
Upon examination it will be found that this section of the Code is exactly the same as Section 13 of the original Act.

Section 17 of the Act of 1910 (26 Stat. at Large, 772) was construed by this C o u r t in *Montgomery v. United States Fidelity & Guaranty Co.,* 90 S. C., 283, 71 S. E., 1084, 1085, 73 S. E., 182, in an opinion filed January 4, 1912. It was contended in that case that the Florida Home Insurance Company, a foreign corporation, against whom the plaintiff had theretofore obtained a judgment which the guaranty company, the defendant in the *Montgomery case,* had given a bond conditioned to pay, had not been served according to law, although the judgment roll showed that service of the summons had been made upon Wallace, an agent of the insurance company. Mr. Justice Woods, speaking for the Court, said: "Under Section 155 of the Code of Procedure of 1902, service on any agent of a defendant corporation is sufficient. Section 17 of the Act of 1910 (26 Stat., 775), requiring foreign insurance companies to appoint as agent the State insurance commissioner to accept service on their behalf, contains no intimation of an intention to repeal the provision of Section 155 of the Code of Procedure above recited."

In 1917 the Legislature repealed (30 Stat. at Large, 38) Section 2705 of the Code of 1912, construed in the *Montgomery case,* and substituted therefor what is now Section 7964 of the Code of 1932, a part of which we here set out: "Every foreign insurance company shall, before being licensed, appoint in writing the insurance commissioner and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall

be of the same legal force and validity as if served upon the company, and that the authority shall continue in force so long as any liability remains outstanding in the State.   *   *   *"
This section, as we have already said, was referred to by the Court in *Lucas v. N. C. Mutual Life Insurance Company, supra.* In that case service was made upon one of defendant's local agents in this State. The district manager, to whom the papers were sent, returned them to plaintiff's attorney, advising him that the defendant was a foreign insurance company, and that legal service of the summons and complaint could be made upon it only through the State Insurance Commissioner of South Carolina. Counsel for plaintiff, however, did not act upon the suggestion made, but took judgment by default against the defendant a few months thereafter. The company then sought to have the judgment opened on the ground of mistake and excusable neglect, the district manager stating in an affidavit filed by him in the matter that his mistake was an honest one as he entertained the opinion that the summons could not be legally served upon the company except through the office of the State Insurance Commissioner. The only question presented by the appeal was whether the defendant, in view of the admitted facts, was entitled to the relief sought by it. The Court held that the mistake made by the district manager was one of law and not one of fact, and that, therefore, the motion to open the judgment was properly refused. It did say, however, in passing upon the question, that "Section 7964, Code 1932, provides how legal process shall be served upon foreign insurance companies through the insurance commissioner. Service by this method, however, is not exclusive. It was held in *Montgomery v. United States Fidelity & Guaranty Company,* 90 S. C., 283, 71 S. E., 1084, 73 S. E., 182, that service of legal process upon any agent of a foreign insurance company constitutes good and legal service. It is now conceded by the appellant that it was served with the summons and complaint according to law."

[184 S. C., 119, 191 S. E., 712.] It is to be noted that the Court, in its opinion in the *Lucas case,* was not directly passing upon whether the service of the summons there made on the agent of the defendant insurance company was a good and sufficient one, as the appellant's attorneys conceded that such service was sufficient and valid. The opinion, therefore, was written upon the theory, stated and admitted by counsel for appellant to be correct, that the service as made was in accordance with law.

As has often been said, the chief purpose in judicial construction of statutes is to ascertain the intention of the Legislature. In *Home Building & Loan Association v. City of Spartanburg,* 185 S. C., 313, 194 S. E., 139, 142, the Court, speaking through Mr. Justice Fishburne, said: "The books are so full of cases holding that the intention of the legislative body is the first rule of construction of statutes that a citation of them is wholly unnecessary. Full effect must be given to each section, and the words must be given their plain meaning. Where there is no ambiguity, words must not be added to or taken from the statute." See also *State Company v. Jones,* 99 S. C., 218, 82 S. E., 1048; *Ex Parte Savannah River Electric Co.,* 169 S. C., 198, 168 S. E., 554.

In the light of these principles of construction, we will now endeavor to determine the legislative intention in the enactment of what is now Section 7964 of the Code. As we have seen, the Court, in construing Section 17 of the Act of 1910 (Section 2705 of the Code of 1912), held that service on the insurance commissioner was not exclusive because the Statute contained no intimation of an intention to repeal the provision of Section 155 (now Section 434 of the Code of 1932), as to service on a foreign corporation by delivering a copy of the summons to one of its agents. It will also be noted that the Act of 1910 required every foreign insurance company, before being licensed to do business in the State, to appoint the insurance commissioner "as

its attorney to accept service". The Act of 1917 (now Section 7964 of the Code), which repealed Section 2705 of the Code of 1912, required every foreign insurance company, before being licensed to do business, to appoint the insurance commissioner "to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served." The fact that the Legislature in the Act of 1917 used imperative words not contained in the Act of 1910, as is seen, and that too, after the decision in the *Montgomery case,* about which the law-making body is presumed to have known, seems clearly to indicate its intention to change the then existing law as to service, in regard to foreign insurance companies, by excluding every other method of service except that provided for by the Act of 1917. We think that any other construction of the Statute, in the circumstances detailed, would be a strained one.

We hold, therefore, in view of the history of the legislation above pointed out, and of the deliberate insertion by the Legislature, in the light of the facts before it, of the word "shall" in the Act of 1917, that service on foreign insurance companies as provided for in Section 7964 of the Code of 1932 is exclusive, and that service made in any other way upon such corporations is invalid. Any holding or ruling of the Court in the case of *Lucas v. N. C. Mutual Life Ins. Co., supra,* to the contrary is hereby expressly overruled. We further hold, in view of the fact that the wording of Sections 7964 and 8056, as we have already pointed out, is practically the same, that the service on benefit fraternal associations as provided for in Section 8056 of the Code is exclusive and not cumulative.

In our consideration of the question, we have examined the authorities, including a number of the decisions of other jurisdictions, and while we deem it unnecessary to quote from them, attention is directed to annotations found in the following volumes: 5 L. R. A., N. S., 298; 113 A. L. R., 9, 29 *et seq.* The provisions of most of the Statutes construed

in the cases there collected were permissive and not mandatory as to service upon the insurance commissioner or other appointed agent, the words used being "may" or "can" be served. These cases, with a few exceptions, correctly hold that service under a statute of that kind is not exclusive but cumulative. No case has been called to our attention, however, where the statute under construction provided that service "shall" be made upon a designated agent, which holds that such service is cumulative. On the contrary, the Courts are practically uniform in holding in such cases that the method of service designated in the Statute is exclusive, and that service may not be had upon any other agent of the corporation.

It will be noted that Section 434 of the Code of 1932 ██ is a general law which makes provision for service upon foreign corporations. We do not think that this section is repealed in any way by Section 7964. The applicable rule of construction is thus stated in 59 C. J., 1056: "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy." The special Act is construed as an exception to the general Statute, whether it was passed before or after the general enactment. Applying the rule here, we construe, as we may properly do, Section 7964 as an exception to Section 434. In this way they are easily read together and harmonized. The same holding is made with regard to Sections 8056 and 434. See *Smith v. State Highway Commission,* 138 S. C., 374, 136 S. E., 487.

In justice to the county Judge, we desire to say that he fell into error through no fault of his own.

The judgment of the Court below is reversed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.