15162

STEWART v. WOODMEN OF THE WORLD LIFE INS.
SOCIETY

(11 S. E. (2d), 449)

January, 1940.

*Messrs. McDonald, Macaulay & McDonald* and *C. W. McTeer,* for appellant,

*Messrs. Hamilton, Gaston & Hamilton,* for respondent,

November 12, 1940.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

James F. Stewart held a certificate of insurance issued to him on September 16, 1937, by the Woodmen of the World Life Insurance Society, defendant above named, wherein his wife, Nannie W. Stewart, plaintiff above named, was the beneficiary. He died on the 1st day of August, 1938, and this action was brought to recover the amount of the certificate or policy of insurance, the summons and complaint being served on the 19th day of September, 1939, more than two years after the issuance of the certificate.

The defendant, which is, as alleged in the complaint, a fraternal beneficiary association, answered the complaint on December 9, 1939, alleging among other things the falsity of certain representations relating to the good health of James F. Stewart, the insured, which were contained in the application for the certificate, and a breach of warranty of the "sound health" clause of the certificate, and also pleading the by-laws of the defendant which provided that the certificate should be void in the event the applicant was not in sound health at the time of the delivery thereof.

Thereafter and within due time the plaintiff's attorneys gave notice to the defendant's attorneys of a motion to strike out the foregoing allegations of the answer setting up the affirmative defenses therein indicated, the same being contained in Paragraphs 3 to 9, both inclusive. This motion was based upon the ground that this defense or these defenses are barred by the amendment to Section 7986, Code, 1932, adopted in 1935, and designated as Act No. 224, Act May 4, 1935, 39 St. at Large, page 303; and also upon the ground that the same are barred by the provisions of Section 7987, Code, 1932. At the hearing of this motion before Honorable E. C. Dennis, presiding Judge, it was contended by the defendant that the amendatory Act of 1935 was unconstitutional, as being in violation of Section 17, Article III, of the Constitution of South Carolina, which provides: "Every Act or Resolution having the force of law shall re-

late to but one subject, and that shall be expressed in the title." And it was further contended that the amendatory Act of 1935, even if constitutional, did not extend to warranties contained in the application as distinguished from mere representations, and that in no event did it extend so as to include the by-law provisions of the defendant. After due consideration thereof the presiding Judge handed down his order granting the motion to strike out the paragraphs containing the allegations in question, and the case comes before this Court upon an appeal by the defendant from this order.

The question thus presented for our consideration is: Is the amendatory Act of 1935 unconstitutional in the respect specified, because of the insufficiency of its title under the constitutional requirement above quoted?

Prior to the amendment of 1935, Section 7986, Code, 1932, read as follows: "All life insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known, who issues a policy or certificate of insurance on the life of a person that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true."

The amendatory Act of 1935 now under consideration and designated as No. 224, Acts 1935, page 303, including the title, reads as follows:

"An Act to Amend Section 7986 of the Code of Laws of South Carolina, 1932, by Extending the Application of the Incontestability of a Life Insurance Policy to Agreements in the Policy for Indemnity for Disability or Other Coverage. * * *

"Be it enacted by the General Assembly of the State of South Carolina: That Section 7986 of the Code of Laws of South Carolina, 1932, Volume III, be, and the same is

hereby amended by adding at the end thereof the following proviso, to-wit: .'Provided, That where any such policy shall contain, in addition to life insurance, agreements for indemnity or benefits for disability or any other coverage, the provisions of this section shall apply to such agreements with the same force and effect as to the life insurance coverage of such policy'; so that said Section 7986, when so amended, shall read as follows:

" 'Section 7986: All Life Insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known, who issues a policy or certificate of insurance on the life of a person shall, *after a period of two (2) years from the date of such policy* or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true; Provided, That where any such policy shall contain, in addition to life insurance, agreements for indemnity or benefits for disability, or any other coverage, the provisions of this section shall apply to such agreements with the same force and effect as to the life insurance coverage of such policy." (Italics added.)

It will be seen from the foregoing that under the original terms of Section 7986, a life insurance company, or a fraternal benefit association, would be deemed to have waived any right it might have had to dispute the truth of the application for insurance, etc., where it had received "the premium on any policy for the space of two years". But in the case at bar it is admitted that the defendant had not received the premiums for two years, because the certificate was issued on September 16, 1937, although dated August 31, 1937, and the insured died in less than one year, to wit, on the 1st day of August, 1938. Hence under the terms of Section 7986, as it stood before the attempted amendment, it is clear that the waiver declared by

this statute would not be applicable, and the statute could not be construed to prevent the defendant from setting up the defenses in question.

However, the amendatory Act of 1935 attempts to change this provision by providing for a waiver "after a period of two (2) years from the date of such policy or certificate of insurance", and admittedly more than two years had elapsed from the date (and issuance) of the policy before this action was commenced; and under the authority of the case of *Norris v. Guardian Life Insurance Co.*, 187 S. C., 535, 198 S. E., 34, it is contended that the death of the insured does not affect the running of the period; and that hence if the amendatory Act of 1935 is effective the affirmative defenses set up by the defendant were properly stricken out by the presiding Judge.

But a most casual reading of the title of the amendatory Act will suggest its serious deficiency as to the amendment in question. The language of the title is clear and specific, and definitely shows that the purpose of the Act was merely to amend the original section so as to extend the incontestable clause to indemnity agreements in policies and other coverage. And this amendment mentioned in the title is contained in the proviso quoted in the preamble and added at the foot of the section as amended. But there is no suggestion, either in the title or in the preamble, that any other amendment was contemplated or intended.

We are therefore not surprised to learn that the other and unmentioned amendment was inserted during the progress of the Bill through the General Assembly. For it appears that this particular amendment was proposed by the Judiciary Committee of the House of Representatives when the Bill was under consideration by it, but inadvertently the title was not correspondingly amended.

We have therefore an amendatory Act which by its title purports to amend Section 7986 in one particular only, but the Act itself purports to amend the

section not only in this one particular but also in another very important and material particular. Hence it appears that this Act in this respect, in the light of its title, is in direct violation of the letter and the spirit of Section 17, Article III, of the Constitution, above quoted; although we adhere to the view often expressed that this section should be liberally construed.

One of the purposes of this section, as quoted with approval in the concurring opinion of Mr. Justice Cothran in the case of *Robinson v. City of Columbia,* 116 S. C., 193, 107 S. E., 476, 478, is "to prevent surprise or fraud upon the Legislature by means or provisions in Bills of which the title gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and * * * to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise", etc. *City of Charleston v. Oliver,* 16 S. C., 47, 56; *State v. Fields,* 68 S. C., 148, 46 S. E., 771.

If the most liberal construction is given to the title of the amendatory Act of 1935, manifestly it could not be construed to cover the particular amendment in question. Moreover, not only does it fail to include this amendment, but it is actually misleading, because the inevitable inference is that no amendment other than the one mentioned was covered thereby. See the case of *Floyd v. Bennett,* 124 S. C., 483, 117 S. E., 722, 723, which holds that "the title must not be misleading."

If the title of the Act had merely stated that it was to amend Section 7986 of the 1932 Code, without more, perhaps it would not have violated the constitutional provision in question, even if not in compliance with proper legislative practice. *Fleming v Royall,* 145 S. C., 438, 143 S. E., 162, 59 C. J., 816, 817.

But here the title definitely and specifically limits the subject of the Act by the language used, and makes quite applicable the following excerpt from the opinion of the Court in the case of *State v. Blease,* 95 S. C., 403, 414, 79 S. E., 247, 252 : "While the Courts construe the provision of the Constitution in question (that an Act shall relate to but one subject, which shall be expressed in its title) very liberally to the end that legislation shall not thereby be needlessly hampered and embarassed, still, when the title of an Act definitely and specifically limits its object, as that of the Act of 1892 does, to the redemption of a particular and specified issue of bonds, the Court must limit the operation of the Act to the subject so expressed in the title. Otherwise the provision of the Constitution in question would be set at naught."

We are therefore of opinion that so much of the amendatory Act of 1935 as substitutes the period of two years from the date of the policy as the period limiting contestability for the provision contained in the original section relating to the receipt of premium on any policy for the space of two years is unconstitutional, null and void. Hence it follows that the Circuit Judge was in error in striking out of the answer the paragraphs in question setting up the affirmative defenses. In reaching this conclusion we are quite mindful that legislative enactments should not be lightly set aside, but of course we cannot disregard the mandatory requirements of the Constitution.

Having reached this conclusion the first exception is sustained and hence the other exceptions need not be considered, but brief comment will be made on the suggestion of counsel for the respondent that Section 7987, Code, 1932, might be controlling in this case. That section is as follows : "Life insurance companies are hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application for said policy : Provided, The same be commenced within two years from the date of said policy."

As above stated, the defendant·is not a life insurance company but a fraternal benefit association, and therefore Section 7987 does not apply to it, because fraternal benefit associations are by statute exempt from general insurance laws. *Robertson v. Fraternal Union,* 85 S. C., 221, 67 S. E., 247. Section 8070, Code, 1932. It will be observed that they are included in Section 7986 but not in 7987. Section 7987, which has been described as a pure statute of limitations *(New York Life Ins. Co. v. Truesdale,* 4 Cir., 79 F. (2d), 481), having no application to the defendant, cannot be construed as a bar to its right to set up the affirmative defenses involved herein.

The order of the Circuit Court is reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE· and STUKES concur.