17088

VERA HALL PURSLEY RAGGIO, Appellant, v. WOODMAN OF THE WORLD LIFE INSURANCE SOCIETY, Respondent

(90 S. E. (2d) 212)

*Messrs. Spencer & Spencer,* of Rock Hill, *for Appellant,*

*W. G. Finley, Esq.,* of York, *for Respondent,*

344

346

November 17, 1955.

LEGGE, Justice.

On January 27, 1950, respondent, a fraternal benefit association, issued, without requiring a medical examination, its certificate insuring the life of William S. Pursley, and naming as beneficiary his wife, who is the appellant here. On July 14, 1950, the said William S. Pursley died; and thereafter appellant, as beneficiary of the certificate, made claim in due course for its payment. On January 4, 1951, respondent rejected the claim upon the ground that in his application for the certificate Pursley had made material misrepresentations concerning the state of his health; and at the same time respondent tendered to appellant the amount of the premiums that had been paid. Appellant refused to accept the amount so tendered. Thereafter nothing appears to have been done by either party until July 22, 1952, when appellant brought this action to recover the amount of the certificate of insurance. Respondent answered, alleging that the certificate was void because of the untrue representations made in the application therefor. To this answer appellant demurred upon the ground that such defense, after a period of two years from the date of the certificate, was barred by Section 37-161 of the 1952 Code of Laws. The circuit judge overruled the demurrer, holding that Section 37-161 was

not applicable perforce Section 37-857; and the correctness of that ruling is the single issue involved in this appeal.

Sections 37-161, 37-162 and 37-857 of the 1952 Code of Laws read as follows:

"37-161. All companies which issue a policy or certificate of insurance on the life of a person shall, after a period of two years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance or to assert that the assured person had made false representations and such application and representations shall be deemed and taken to be true. But when the age of the person insured, or of any other person whose age is considered in determining the premiums, has been misstated the company may at any time adjust any amount payable or benefit accruing under the policy to such as the premiums would have purchased at the true age or ages of such insured or other person.

"When any such policy shall contain, in addition to life insurance, agreements for indemnity or benefits for disability or any other coverage, the provisions of this section shall apply to such agreements with the same force and effect as to the life insurance coverage of such policy".

"37-162. Every insurance company doing a life insurance business in this State may institute proceedings to vacate a policy on the ground of the falsity of the representations contained in the application for such policy if such proceedings be commenced within two years from the date of the policy".

"37-857. Fraternal benefit associations as defined in this chapter shall be governed by the provisions hereof and the general insurance laws of this State shall not apply to such associations unless express provision therefor is made in any such law."

Following is, in brief, the history of the legislation that now appears as Sections 37-161, 37-162 and 37-857 above set out:

The Act of March 22, 1878, XVI Stat. at L. 530, provided, in Section 1, that "from and after the passage of this Act all life insurance companies that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true". Section 2 of that Act read: "Life insurance companies are hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application for said policy; provided, the same be commenced within two years from the date of said policy".

In the Code of 1912, the two sections of the 1878 Act were codified as Sections 2722 and 2723 respectively. Section 2722 was amended by the Act of March 1, 1922, XXXII Stat. at L. 915, so as to apply to "all life insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known, who issues a policy or certificate of insurance on the life of a person".

Section 2722 of the 1912 Code, as amended by the 1922 Act, became Section 7986 of the 1932 Code, which was amended by the Act of May 4, 1935, XXXIX Stat. at L. 303, so as to provide for incontestability "after a period of two (2) years from the date of such policy or certificate of insurance", and also to make the section applicable to "agreements for indemnity or benefits for disability, or any other coverage" contained in a policy of life insurance, as well as to the life policy itself.

In *Stewart v. Woodmen of the World Life Insurance Society,* 195 S. C. 365, 11 S. E. (2d) 449, decided in 1940, the Act of May 4, 1935, above referred to was held invalid because of insufficiency of its title.

Section 2 of the 1878 Act had become, without amendment, Section 7987 of the 1932 Code. In *Stewart v. Wood-*

*men of the World Life Insurance Society, supra,* the court pointed out that Section 7987 referred only to life insurance companies and was therefore not applicable to the defendant, a fraternal benefit association.

Following the decision in the *Stewart case,* Sections 7986 and 7987 of the 1932 Code were promptly amended. By the Act of June 5, 1941, XLII Stat. at L. 309, Section 7986 was amended so as properly to incorporate the provisions of the attempted amendment of May 4, 1935. By another Act approved on the same day, June 5, 1941, XLII Stat. at L. 329, Section 7987 was amended so as to be applicable to "every firm, corporation, fraternal benefit, mutual protective, mutual insurance, mutual aid or other associations or companies doing a life insurance business in the State of South Carolina".

As thus amended, Sections 7986 and 7987 of the 1932 Code became, respectively, Sections 7986 and 7987 of the 1942 Code, and so they stood until the passage of the Act of May 12, 1947, to which we shall later refer.

Section 21 of the Act of February 23, 1910, XXVI Stat. at L. 554, entitled "An Act for the Regulation and Control of Fraternal Benefit Associations", was in the following language: "Fraternal benefit associations as defined in this Act, shall be governed by the provisions hereof, and the general insurance laws of this State in force or hereafter enacted shall not apply to such associations unless provision therefor has been made or may be specifically made." That section was incorporated, substantially verbatim, in subsequent codes, and in the 1942 Code appeared as Section 8070 under Article 3 of Chapter 157, which Article related to Fraternal Benefit Associations and consisted of Sections 8030 through 8072-1. Section 8070 read as follows: "Fraternal benefit associations as defined in §§ 8030 through 8072 shall be governed by the provisions hereof, and the general insurance laws of this State in force or hereafter enacted shall not apply to such associations unless provision therefor has been made or shall be made."

The Act of May 12, 1947, XLV Stat. at L. 322, purported to be a comprehensive revision and codification of all of the laws of this state relating to insurance. It contained a total of three hundred twenty-eight sections, and was divided into thirteen articles, of which we need consider only Articles 1 and 3.

Article 1, captioned "Insurance Department and Insurance Companies", comprises one hundred eleven sections, having to do with the organization and regulation of insurance companies, the licensing of insurance agents, etc. Article 3 consists of forty-three sections, relating, as shown in its caption, to "Fraternal Benefit Associations".

In the 1952 Code of Laws, the Act of May 12, 1947, is codified under Title 37, captioned "Insurance", and comprises substantially the whole of that Title. Title 37 is subdivided into fourteen chapters, of which Chapter 1, Sections 37-1 through 37-3, is captioned "General Provisions", Chapter 3, Sections 37-101 through 37-295, is captioned "Insurance Companies, Brokers and Agents Generally", and Chapter 9, Sections 37-851 through 37-975, is captioned "Fraternal Benefit Associations".

Section 2(c) of Article 1 of the Act of May 12, 1947, read as follows:

"In this Act, unless the context otherwise requires:

\* \* \*

"(c) 'Company or 'Companies' or 'Insurance Company' or 'Insurance Companies' or 'insurer' shall be deemed to include any corporation, fraternal organizations, burial associations, other association, partnership, society, order, individual or aggregation of individuals engaging or proposing or attempting to engage as principals in any kind of insurance or surety business \* \* \*."

Except for the change of the word "Act" to "Title", this section appears in the 1952 Code of Laws substantially verbatim, as Section 37-2(3).

Section 51 of Article 1 of the 1947 Act read as follows:

"All companies, which issue a policy or certificate of insurance on the life of a person shall, after a period of two (2) years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations and the said application and representations shall be deemed and taken to be true: Provided, that this Section shall not apply to the misstatement of age by the insured: Provided, further, that where any such policy shall contain, in addition to life insurance, agreements for indemnity or benefits for disability, or any other coverage, the provisions of this Section shall apply to such agreements with the same force and effect as to the life insurance coverage of such policy".

This section was amended, with respect to the proviso relating to misstatement of age, by the Act of April 15, 1950, XLVI Stat. at L. 2041, and as so amended was codified without substantial change as Section 37-161 of the 1952 Code.

Section 52 of Article 1 of the 1947 Act read as follows:

"Every insurance company doing a life insurance business in the State of South Carolina is hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application of said policies; Provided, the same be commenced within two (2) years from the date of said policy".

This section appears, without substantial change, as Section 37-162 of the 1952 Code.

Section 41 of Article 3 of the 1947 Act read as follows:

"Fraternal benefit associations as defined in Sections 1 through 42 of this Article, shall be governed by the provisions hereof, and the general insurance laws of this State in force or hereafter enacted shall not apply to such associations unless provision therefor has been made, or shall be made".

(The only definition found in the sections mentioned is contained in Section 1, Code 1952, § 37-851, wherein a fraternal benefit association is defined as "any corporation, society, order or voluntary association without a capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, by a lodge system with ritualistic form of work and a representative form of government, and which may make provision for the payment of benefits, in accordance with Section 5" of that Article.)

Section 41 of Article 3, substantially unchanged, appears as Section 37-857 of the 1952 Code, hereinbefore set out.

The single question before us is whether Section 37-161 of the 1952 Code of Laws is, or is not, applicable to respondent, a fraternal benefit association. As before noted, the progenitor of this code section was Section 1 of the Act of 1878, which by its terms was applicable to "life insurance companies" and therefore, being subject to strict construction, *Love v. Prudential Ins. Co.*, 173 S. C. 433, 176 S. E. 333, not applicable to fraternal benefit associations. *Robertson v. Fraternal Union of America*, 85 S. C. 221, 67 S. E. 247. It was expressly made applicable to fraternal benefit associations by the amendment of March 1, 1922; and so, in subsequent codifications, it remained until the passage of the Act of May 12, 1947. No change of the legislative intent in that regard is suggested by the last mentioned Act. Certainly it is not to be implied by the fact that that in Section 51 of Article 1 of that Act the General Assembly, instead of using the words "all life insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known", employed the single word "companies", which in Section 2 of the same Article it had expressly defined as including fraternal benefit associations.

Since no change of legislative intent is evident by repeal, amendment or codification during the quarter of a century between the Act of March 1, 1922, and

that of May 12, 1947, such change of intent must be found, if at all, in the 1952 codification of the subject provision. In considering whether or not that codification evidenced an intention on the part of the legislature to exempt fraternal benefit associations from the requirements of Article 1, Section 51 of the 1947 Act, it must be borne in mind that Sections 37-2(3), 37-161, 37-162 and 37-857 of the 1952 Code were all taken from the 1947 Act and should therefore be construed together, *Foster v. Morrison,* 226 S. C. 149, 84 S. E. (2d) 344, and that insubstantial changes in the language of the statute, incident to its codification, are not to be taken as changing the meaning of the original enactment. *State v. Conally,* S. C., 88 S. E. (2d) 591.

It is apparent, from comparison of the corresponding sections of the 1947 Act with the 1952 Code Sections before mentioned, that no substantial change of language occurred in the process of codification. Even the arrangement of the code sections into chapters corresponded substantially with the division of the original act into articles.

Change of legislative intent is not only not indicated by the 1952 codification; it is negatived by the fact that the words "certificate of insurance" were carried forward from Article 1, Section 51 of the 1947 Act into its codification as Section 37-161 of the Code. Those words first appeared in the 1922 amendment of Section 1 of the Act of 1878, which had become Section 2722 of the 1912 Code. As has been pointed out, the statute, prior to such amendment, imposed its requirements only upon "life insurance companies that shall receive the premium on any policy for the space of two years", and the amendment, which expressly extended the statutory requirements to " 'fraternal benefit Associations or any other company, corporation or association by whatever name known' ", added after the word "policy" the words "or certificate of insurance" as indicating the type of coverage issued by such other associations in contradistinction from the "policy" issued by life insurance companies.

In support of his decision, the circuit judge cites: *Stewart v. Woodmen of the World Insurance Society,* 195 S. C. 365, 11 S. E. (2d) 449, *Robertson v. Fraternal Union of America,* 85 S. C. 221, 67 S. E. 247; *Powell v. Gary,* 200 S. C. 154, 20 S. E. (2d) 391, and *Murray v. Sovereign Camp, Woodmen of the World,* 192 S. C. 101, 5 S. E. (2d) 560. But none of those cases appears to be in point here. The *Stewart case* and the *Robertson case* have already been referred to herein. The former was concerned only with whether the amendatory Act of May 4, 1935, was unconstitutional because it related to a subject not expressed in its title, and the latter was decided prior to the 1922 amendment. And in neither the *Powell case* nor the *Murray case* was the issue here involved considered.

As before stated, the sole question before us is whether or not the requirements of Section 37-161 are binding upon the respondent. The history of this legislation, as hereinbefore outlined, leaves us no doubt that the respondent is so bound.

Reversed.

STUKES and OXNER, JJ., concur.

BAKER, C.J., and TAYLOR, J., dissent.

TAYLOR, Justice (dissenting).

Section 37-857 of the Code of Laws of South Carolina 1952, "Fraternal Benefit Associations" expressly provides that the general insurance law is inapplicable to fraternal benefit associations and shall not apply unless express provision is made therefor and no express provision appears in the 1952 Code. Section 37-161. On the contrary, the plain and unambiguous words "all life insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known" were omitted. This omission may have been inadvertent and not have reflected the intention of the legislature; however, the legislature will not be deemed to have done a useless thing. Be that as it may, a statute being omitted from the Code

whether through error or inadvertence is lost, *State v. Meares,* 148 S. C. 118, 145 S. E. 695, and this Court cannot recur to the original statute for the purpose of ascertaining the intendment of the legislative body where the language used is plain and unambiguous. *Town of Forest Acres v. Seigler,* 224 S. C. 166, 77 S. E. (2d) 900.

If the language used does not expressly state the intention of the legislative body, its correction is not a judicial matter but one of legislative concern. I would, therefore adopt the Order appealed from as the Order of this Court.

BAKER, C. J., concurs in result.

BAKER, Chief Justice (concurring in dissenting opinion).

I concur in the result of the opinion of Mr. Justice Taylor in which he adopts as a part thereof the decree of the lower Court herein.

Section 37-161 of the Code of 1952, Section 51 of Article 1 of Act No. 232 of 1947, as amended in 1950, when read in connection with Section 37-2(3) thereof, appears to include Fraternal Benefit Associations issuing contracts of insurance. But Section 37-857 of the Code of 1952 specifically exempts Fraternal Benefit Associations such as admittedly the respondent is, from the general insurance laws of this state. All of the sections above referred to stem from Act No. 232 of the Acts of 1947, which is quite often spoken of as a recodification of the Insurance Law of South Carolina. In fact, the Title of the Act begins with "An Act To Provide An Insurance Code For The State of South Carolina; * * *."

I cannot see how Section 37-2(3) under the subject "Definitions," and the preface thereto, can override or take precedence over the legislation contained in Section 37-857 where the Legislature was directly dealing with Fraternal Benefit Associations in a separate chapter in the Code, and in a separate Article of the 1947 Act. See Article 3, Fraternal Benefit Associations, Section 41, at page 394 of the Acts of 1947.